ANITA P. ARRIOLA
ARRIOLA, COWAN & BORDALLO
P.O. BOX X, AGANA, GUAM 96910
TELEPHONE: (671) 477-9731/33
FAX: (671) 477-9734

Counsel for Plaintiffs

FILED
Office of the Clerk
DISTRICT COURT OF GUAM
AGANA, GUAM
MAR 23 1990
MARY L. MICHELS
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| MARIA DOE, on behalf of herself and all other women similarly situated; GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS; GUAM NURSES ASSOCIATION; THE REVEREND MILTON H. COLE, JR.; LAURIE KONWITH; EDMUND A. GRILEY, M.D.; WILLIAM S. FREEMAN M.D.; JOHN DUNLOP, M.D.; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JOSEPH F. ADA, LETICIA ESPALDON, GEORGE B. PALICAN, ELIZABETH BARRETT-ANDERSON, personally and in their official capacities, together with all others similarly situated, <br><br> Defendants. | CIVIL ACTION NO. _____ <br> CIV 90-00012 <br><br><br><br><br><br><br><br><br><br> CLASS ACTION |

### COMPLAINT

Plaintiffs, by their undersigned attorneys, bring this Complaint against the defendants, their employees, agents and successors and in support thereof aver the following:

I.  **Preliminary Statement**

1.  This action challenges Public Law 20-134, the 1990 Act to repeal and reenact § 31.20 of Title 9, Guam Code Annotated, to repeal §§ 31.21 and 31.22 thereof, to add § 31.23 thereto, to repeal subsection 14 of section 3107 of Title 10, Guam Code Annotated, relative to abortions (collectively "the Act") as violating the United States Constitution and the Guam Organic Act, 48 U.S.C. §§ 1421, 1421b et seq.  (A copy of the enactment is attached as Exhibit "A".)

2.  The Act blocks women's access to necessary abortions and to other medical care including counseling and referral.  It also infringes the rights of physicians and nurses to provide abortions and related care.  Plaintiffs seek declaratory and injunctive relief on the ground that the Act violates the right to make personal reproductive decisions, the right to bodily integrity, the right of informational privacy, the right to free speech, the right to equal protection under the law, the right to due process of law, the right to freedom of religion, the right to freedom of association, the right to be free from enslavement, and the right to be free from cruel and unusual punishment; all as guaranteed by the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution and 48 U.S.C. § 1421b of the Guam Organic Act.

II.  **Jurisdiction**

3.  Jurisdiction is conferred on the Court by 28 U.S.C.

§§ 1331, 1343(a)(3), 1343(a)(4) and the Fourteenth Amendment to the United States Constitution.

  4. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

III. <u>Parties</u>

 A. <u>Plaintiffs</u>

  5. Plaintiff Maria Doe is a U.S. citizen and a resident of the territory of Guam. She is eight (8) weeks pregnant and suffers from a chronic health condition that requires her to take steroids (prednisone), a drug that may cause fetal deformities. She has been advised that her fetus may be seriously damaged and she desparately wants an abortion. Her abortion, scheduled for Tuesday March 20 on Guam, was cancelled because the Act now makes her medical choice a crime. She cannot afford to go to Hawaii, Japan or elsewhere to obtain an abortion. If forced to continue her pregnancy, Maria Doe will incur lifelong emotional, physical and mental damage. Plaintiff Maria Doe sues on her own behalf and on behalf of all other women who need abortions or counseling and information.

  6. Plaintiff Guam Society of Obstetricians and Gynecologists is an organization comprised of physicians licensed to practice medicine in the territory of Guam who specialize in the practice of obstetrics and gynecology. Each member of the Society performs abortions during the first and second trimesters of pregnancy in Guam. The Society sues on its own behalf and on behalf of its members.

7. Plaintiff Guam Nurses Association is a non-profit organization comprised of approximately ninety (90) nurses who are registered in the territory of Guam and who provide general medical care and treatment to pregnant women on Guam including abortion counseling and other ancillary services. The Guam Nurses Association sues on its own behalf and on behalf of its members.

8. Plaintiff The Reverend Milton H Cole Jr. is an Episcopal priest at St. Andrews of the Philippine Sea, Agat, Guam. As a priest and member of the Episcopal Church, he believes and preaches that the decision to have an abortion is a matter involving the exercise of a woman's religious conscience and that, in order to make a conscientious decision regarding pregnancy, she must be counseled on all options available to her, including abortion. He assists and counsels his congregation to decide what actions are morally required according to the dictates of their religion and their own consciences. The Act prohibits him from giving proper spiritual counseling on pregnancy.

9. Plaintiff Laura Konwith is a U.S. citizen and a resident of the territory of Guam. She is a member of the Jewish faith, which does not believe a fertilized egg is a person. In addition, plaintiff Konwith believes and follows the teachings of her Jewish faith that, contrary to the Act, a woman's health must take precedence over that of the fetus until the birth of the child and that it may be the religious duty of a woman to have an abortion under certain circumstances.

- 4 -

10. Plaintiffs Edmund A. Griley, M.D., William Freeman, M.D., and John Dunlop, M.D. are physicians licensed to practice medicine in the territory of Guam who specialize in the practice of obstetrics and gynecology. Each physician performs abortions during the first and second trimesters of pregnancy at their medical facilities in Guam. Plaintiffs Griley, Freeman and Dunlop sue on their own behalf, on behalf of others similarly situated, on behalf of the counselors and staff employed at their facilities, and on behalf of their women patients who need abortions and other medical care impeded by the Act.

11. Plaintiffs Griley, Freeman and Dunlop all have pregnant women patients who need abortions for a variety of familial, social, emotional, physical and economic reasons including victims of rape and incest and women with fetal abnormalities.

B. Defendants

12. Defendant Joseph F. Ada is the Governor of the territory of Guam. He is the chief executive officer of the territory and it is his legal duty under the Organic Act to ensure that the laws of the territory, including the Act, are faithfully executed.

13. Defendant Leticia Espaldon is the Director of the Department of Public Health and Social Services for the territory of Guam. She is responsible for the implementation and enforcement of those provisions of the Act that pertain to the Department of Public Health and Social Services.

- 5 -

14. Defendant Elizabeth Barrett-Anderson is the Attorney General of the territory of Guam. She is responsible for enforcement of the Act and for the criminal prosecutions of persons charged with violating the Act.

15. Defendant George B. Palican is the Administrator of the Guam Memorial Hospital in the territory of Guam. He is responsible for the implementation and enforcement of those provisions of the Act that pertain to the Guam Memorial Hospital.

16. Upon information and belief, unless restrained by order of the Court, all defendants will perform their official duties to ensure that the Act is enforced and will cause criminal prosecutions or license suspension or revocation proceedings to be instituted against the physician or nurse plaintiffs, or against others who may aid or assist them, for failure to comply with the Act. Upon information and belief, defendants will also cause such proceedings to be brought against all persons who administer or employ medication, drugs, instruments or other means to cause an abortion; who solicit or take drugs or submit to an attempt to cause an abortion; or who solicit any woman to submit to any operation or use any means whatever to cause an abortion. Women who have abortions or practice certain forms of birth control on Guam also will be criminally charged.

IV. Class Action Allegations

A. Plaintiff Allegations

17. Plaintiff Maria Doe is a U.S. citizen and resident of the territory of Guam. She is eight weeks pregnant and

desires to obtain an abortion on Guam. She cannot obtain an abortion because of Public Law 20-134.

18. Maria Doe sues on behalf of all other women similarly situated and seeks, pursuant to Fed. R. Civ. P. 23(b)(1)(A) and (2), to represent a class composed of all women on Guam who seek abortions, birth control, counseling or information about abortions.

19. The prerequisites to class certification are met in that:

(a) Upon information and belief, in 1989, over 500 abortions were performed in Guam and reported to the Guam Memorial Hospital and the Department of Public Health and Social Services. Upon information and belief, approximately 500 or more women on Guam will seek and desire to obtain abortions on Guam in 1990 alone; consequently the class is numerous so that joinder of all members is impracticable;

(b) The provisions of the Act apply with equal force to all members of the class, such that questions of law and of fact relating to the constitutionality of the Act are common to all members of the class;

(c) The claims of the representative party as to the unconstitutionality of the provisions of the Act are typical of those in the class; and

(d) The representative party has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class.

20. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the constitutionality of the Act or the particular provisions thereof and thus a risk of establishing incompatible standards of conduct for the defendants who are charged with enforcing the Act's provisions.

21. Plaintiffs Edmund A. Griley, M.D., William Freeman, M.D., and John Dunlop, M.D. are physicians who provide abortions in the territory of Guam.

22. Plaintiffs Griley, Freeman and Dunlop sue on behalf of all others similarly situated and seek, pursuant to Fed. R. Civ. P. 23(b)(1)(A) and (2), to represent a class composed of all licensed physicians and counselors in Guam who provide abortions, birth control, counseling, referrals, or information about abortion.

23. The prerequisites to class certification are met in that:

(a) At the end of 1989, there were at least seven (7) gynecologists practicing in Guam and at least nine (9) facilities in Guam where abortions are performed, each of which has one or more physicians, counselors and other staff. The class is numerous so that joinder of all members is impracticable;

(b) The provisions of the Act apply with equal force to all members of the class, such that questions of law and of fact relating to the constitutionality of the Act are common to all members of the class;

- 8 -

(c) The claims of the representative parties as to the unconstitutionality of the provisions of the Act are typical of those in the class; and

(d) The representative parties have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class.

24. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the constitutionality of the Act or the particular provisions thereof and thus a risk of establishing incompatible standards of conduct for the defendants who are charged with enforcing the Act's provisions.

B. <u>Defendant Allegations</u>

25. Defendant Elizabeth Barrett-Anderson is sued in her capacity as the Attorney General of Guam and, pursuant to Fed. R. Civ. P. 23(b)(1)(A), as the representative of the class of all prosecuting attorneys of the territory of Guam.

26. The prerequisites to certification of a defendant class are met in that:

(a) There are fourteen (14) prosecuting attorneys rendering the class so numerous that joinder is impracticable;

(b) Because each member of the class is charged with enforcing the Act in the territory of Guam, questions of law and of fact relating to the constitutionality of the Act's provisions are common to the class;

- 9 -

(c) The defenses of defendant Barrett-Anderson will be typical of the defenses of the class; and

(d) Defendant Barrett-Anderson will fairly and adequately represent the interests of the class.

27. The prosecution of separate actions against individual members of the defendant class could create a risk of inconsistent adjudications with respect to members of the defendant class thus establishing incompatible standards of conduct for physicians presently performing abortions, desiring to perform abortions, or referring patients for abortions in Guam.

V. Factual Allegations

28. Upon information and belief, in 1989, over 500 abortions were performed and reported in Guam and a comparable number of women would seek and obtain abortions in 1990, but for the Act. Some women who seek abortions do so because they suffer from diseases or conditions including, but not limited to: diabetes, cancer, essential hypertension, cardiac disease, kidney disease, history of post partum hemorrhaging, or sickle cell anemia. For many of these women, carrying a pregnancy to term will increase the health or life risks of pregnancy and childbirth. Other women seek abortions because of their age, for psychological, emotional, familial or economic reasons, or because fetal abnormalities are discovered sometimes late in pregnancy. Still other women feel that their religious or

conscientious beliefs mandate the procedure. Some abortions are performed for victims of rape and incest.

29. Abortion at any stage of pregnancy is considered an extremely safe surgical procedure; eleven times safer from the standpoint of mortality (death) than carrying a pregnancy to full term. Early abortion is safer than later abortion.

30. Each week of delay in obtaining an abortion increases a woman's mortality risk about 50%. Nevertheless, even second trimester abortions (after 12 weeks of pregnancy) are safer than carrying the pregnancy to full term.

31. Members of the Society regularly treat women patients who need abortion services. Before the Act, phsicians either performed the abortions or referred patients to other physicians. Now they can do neither because they are subject to the criminal and civil penalties of the Act.

32. Physicians and medical providers desire to and are obligated by law and medical ethics to provide comprehensive and confidential medical care of the highest quality to their patients.

33. Medical doctors and nurses who are plaintiffs provide medically necessary abortion services to women whose health problems may not fall within the definition of "endanger[ing] the life of the mother" or "gravely impair[ing] the health of the mother" as contained in the Act. Plaintiffs do not know how "gravely" or "endangering" will be defined and are therefore chilled in the excercise of their medical judgement for fear of criminal liability and professional censure.

34. Medical doctors and nurses who are plaintiffs encounter patients with medical conditins that necessitate that they provide counseling, information and at times referral for abortion. Plaintiffs do not know how "solicitation" or "soliciting" will be defined and are therefore inhibited in the exercise of their medical judgment for fear of criminal liability and professional censure.

35. The purpose, intent and effect of the Act is to force continued pregnancy and childbirth on all pregnant women in Guam and to impose obstacles upon even those women attempting to obtain abortions necessary to save their lives, by exacting criminal, medical, psychological and financial penalties upon women who seek abortions.

36. This Act will cause some pregnant women to suffer mutilation, death and health problems from illegal, dangerous abortions and other women to suffer increased medical and emotional problems from forced childbearing.

A. Definition of "Abortion" (Section 31.20).

37. Section 31.20 defines the term "abortion" in a manner that fails to make clear to the practicing physician when s/he will risk incurring liability by terminating a pregnancy. In particular, for example, the word "purposeful" is also unclear.

38. The definition of "abortion" is unduly narrow and, as such, does not comport with either generally accepted medical

- 12 -

Case 1:90-cv-00013    Document 1    Filed 03/23/90    Page 12 of 20

definitions and usage or with Guam statutory and common law definitions of the term.

39. The Act's definition of "abortion" may cause physicians to practice medicine in a manner contrary to their best medical judgment, for example, where, as required by section 3120, a second physician determines that there is no substantial risk that continuance of the pregnancy would endanger the life of the mother or would gravely impair her health or where the peer review committee established by the Act makes a determination contrary to the physician's best medical judgment.

40. The Act's requirement that two physicians determine, subject to review by a peer review committee, when an abortion is permissible under the Act will inevitably delay these abortions that are needed to be done immediately. This will jeopardize women's health and lives.

41. The Act's definition of "abortion" may cause a physician to refuse to perform an abortion when, in the exercise of her best medical judgment, in the absence of the provision, she would otherwise have provided one, thereby interfering with the patient's ability to obtain optional medical care.

B. <u>Providing or Administering Drug to Cause Abortion (Section 31.21)</u>

42. Because of its vague and ambiguous language, section 31.21 has the purpose and effect of discouraging physicians and facilities from providing medication for rape and incest victims or for women who request such medication in their

- 13 -
Case 1:90-cv-00013    Document 1    Filed 03/23/90    Page 13 of 20

best interest. Further, this prohibition inhibits the development of new, safe methods of abortion in the United States such as RU486, a drug which acts immediately after implantation. This drug is being tested in parts of the United States but cannot yet be used in Guam.

    C.  <u>Employing Means to Cause an Abortion (Section 31.21)</u>

    43. Prior to the Act, defendant medical providers supplied contraceptive devices known as the "intrauterine device" (IUD) to their woman patients. It is believed that an IUD sometimes acts to abort a fertilized and already implanted ovum. Therefore, the use of such a device would sometimes constitute an "abortion" as defined in section 31.20.

    44. Because of the Act some of plaintiff physicians have stopped prescribing IUD's - thereby subjecting women in Guam to a higher risk of unwanted pregnancy.

    D.  <u>Solicitation to Commit Abortion (Sections 31.22 and 31.23)</u>

    45. The Act provides that every person who solicits any woman to submit to any operation, or to the use of any means whatever, to cause an abortion is guilty of a misdemeanor. This constitutes an infringement on the physicians' and medical providers' duty to provide comprehensive medical care and treatment to women, particularly women who desire an abortion, and requires physicians, nurses, and counselors to violate medical, ethical and professional standards. Furthermore, denying women necessary

Case 1:90-cv-00013   Document 1   Filed 03/23/90   Page 14 of 20

medical advice and direction may cause doctors to face malpractice charges.

46. The solicitation portion of the Act extends to any person who gives specific abortion referral information; including lawyers, parents, relatives, friends, clergy, and librarians. Librarians have even asked whether to take books off the shelf in Guam because of this law.

47. On or about March 20, 1990, plaintiff Maria Doe sought an abortion from a medical provider and was told that she could not obtain an abortion under the Act. She also sought information from the medical provider about where to go to get an abortion, but was informed by the medical provider that it was also illegal to give her this information. This section eliminates the right of plaintiff Maria Doe to obtain an abortion and to receive information about abortion and inhibits plaintiff physicians and nurses and plaintiffs Cole and Konwith and others who desire to give information about abortions.

### First Cause of Action

48. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

49. The Act violates the right of privacy guaranteed by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and 48 U.S.C. § 1421b of the Organic Act in that it:

(a) imposes direct, and substantial burdens on

the ability of women in Guam to exercise their right to choose to terminate a pregnancy; and

   (b)   imposes direct and substantial burdens on the right of a physician to practice medicine and to provide counseling, education and other services in accordance with the physician's best medical judgment.

### Second Cause of Action

50. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

51. The criminal and other penalty provisions of the Act fail to provide adequate notice as to the precise nature of conduct prohibited, thereby inhibiting the exercise of constitutionally-protected rights and inviting selective prosecution. They are, therefore, void for vagueness and they deprive plaintiffs and their patients of due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and § 1421b of the Organic Act.

### Third Cause of Action

52. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

53. The Act denies the right of free speech and freedom of association guaranteed by the United States Constitution and by the Organic Act in that it penalizes plaintiffs' ability to discuss or provide necessary information about abortions, including referrals.

### Fourth Cause of Action

54. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

55. The Act deprives members of the plaintiff class represented by Maria Doe of equal protection under the law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Organic Act, and abridges equality of rights under the law in violation of the Organic Act because it imposes burdens upon women's reproductive choices and bodily integrity that are not imposed upon the reproductive choices of men.

### Fifth Cause of Action

56. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

57. The Act violates the guarantees of religious freedom of the First Amendment to the United States Constitution and the Organic Act in that it inhibits plaintiffs Cole and Konwith's practice of religion.

### Sixth Cause of Action

58. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

59. The Act violates guarantees of freedom from slavery in that it seeks to impose continued unwanted pregnancy on all women, robbing women of their bodily integrity and dignity and causing risks to their lives and health, in violation of the Thirteenth Amendment to the United States Constitution.

### Seventh Cause of Action

60. Plaintiffs hereby incorporate by reference paragraphs 1 through 47 above.

61. The Act denies women protection against cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution because it criminalizes those women who seek to preserve their lives, health, dignity or beliefs by seeking an abortion.

### Irreparable Harm

62. If the Act is allowed to continue in effect, plaintiffs and their patients will continue to be subjected to immediate and irreparable injury for which no adequate remedy at law exists in the following respects:

(a) Maria Doe will be forced to continue unwanted pregnancy against her will and will be forced to bear a child that is almost certainly genetically demaged. This will injure Maria Doe for life.

(b) Plaintiffs will face criminal prosecution, license suspension or revocation and civil liability if they do not comply with the Act;

(c) Pregnant women will be discouraged, impeded and possibly prevented from obtaining the abortions they desire, and thus suffer physical, emotional, and other harm;

(d) Because abortion is medically safer than childbirth the maternal mortality rate (death from pregnancy) will rise for members of the class of women.

Case 1:90-cv-00013   Document 1   Filed 03/23/90   Page 18 of 20

(e) Because many women will seek illegal abortions or attempt to self-abort members of plaintiff class will incur mutilation, sterility, infection and death.

(f) Because an abortion off Guam is expensive some women will delay while they seek to raise funds; this will increase health risks as later abortions are more dangerous.

(g) Plaintiffs are forced to censor their speech and literature about abortion.

WHEREFORE, plaintiffs ask this Court:

A. To issue a temporary restraining order and preliminary injunction restraining defendants, their employees, agents and successors from enforcing amd executing the Act;

B. To enter an order certifying this action as a class action for each class described herein and naming the respective parties as class representatives;

C. To enter judgment declaring the Act to be in violation of the United States Constitution and the Organic Act and permanently enjoining the enforcement of its provisions;

D. To grant such other and further relief as this Court shall find just and proper including attorneys fees.

Dated this 23rd day of March, 1990.

ARRIOLA, COWAN & BORDALLO
P. O. BOX X
AGANA, GUAM 96910
Counsel for Plaintiffs

BY: _____
ANITA P. ARRIOLA

Of Counsel:

AMERICAN CIVIL LIBERTIES UNION
REPRODUCTIVE FREEDOM PROJECT
NEW YORK, NEW YORK
(212) 944-9800
LYNN PALTROW
RACHAEL PINE
KATHRYN KOLBERT
SIMON HELLER

- 19 -

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing Complaint was served upon counsel for the defendants as set forth below by hand-delivery this 23rd day of March, 1990:

ELIZABETH BARRETT-ANDERSON, ESQ.
ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
SUITE 701, PACIFIC NEWS BUILDING
238 ARCHBISHOP F. FLORES STREET
AGANA, GUAM 96910

KATHERINE A. MARAMAN, ESQ.
LEGAL COUNSEL
OFFICE OF THE GOVERNOR
ADELUP, GUAM

/s/ Anita P. Arriola
ANITA P. ARRIOLA

Doc.#3214A