
FILED
Office of the Clerk
DISTRICT COURT OF GUAM
AGANA, GUAM
APR - 9 1990
56
MARY L. MITCHELLS
Clerk of Court

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| MARIA DOE, ET AL., | CIVIL CASE NO. CV90-00013 |
| Plaintiffs, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| JOSEPH F. ADA, ET AL., | |
| Defendant. | |

I. PLAINTIFFS HAVE NOT ALLEGED A CAUSE OF ACTION AGAINST THE DEFENDANT BARRETT-ANDERSON IN HER INDIVIDUAL CAPACITY AND THE CASE AGAINST HER SHOULD BE DISMISSED.

Federal Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. The caption of the complaint names Elizabeth Barrett-Anderson in her individual and representative capacities. A review of the complaint shows that no allegations have been made against Elizabeth Barrett-Anderson in her personal capacity. The lack of allegations mandates that this action be dismissed against Elizabeth Barrett-Anderson in her personal capacity. Furthermore, Elizabeth Barrett-Anderson in her personal capacity cannot afford the relief requested.

OFFICE OF THE ATTORNEY GENERAL
Government of Guam
7th Floor, Pacific News Building
238 Archbishop F.C. Flores St.
Agana, Guam 96910
TEL: 472-6841/6844

The only allegations against Elizabeth Barrett-Anderson are set forth in paragraphs 15, 17 and 26 of the complaint. The complaint alleges that Elizabeth Barrett-Anderson is responsible for enforcement of the Act and for the criminal prosecution of persons charged with violation of the act. Paragraph 17 alleges that unless restrained by a court order, Elizabeth Barrett-Anderson will perform her official duties to ensure the act is enforced. Paragraph 26 alleges that Elizabeth Barrett-Anderson is sued in her capacity as the Attorney General of Guam and as the representative of the class of all prosecuting attorneys of the Territory of Guam. No other allegations are made against Elizabeth Barrett-Anderson. Even if all the allegations in the complaint are taken as true, no cause of action exists against Barrett-Anderson in her personal capacity.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain a short plain statement of the claim showing that the pleader is entitled to relief. Failure to comply with the rule justifies dismissal. <u>Michael's v. Nebraska State Bar Ass'n</u>, 717 F.2d 437 (8th Cir 1983). The complaint contains no statement showing that any of the plaintiffs are entitled to relief against Elizabeth Barrett-Anderson in her individual capacity. When the allegations of a complaint are wholly conclusory, and fail to set forth facts which if proved would warrant the relief

sought, it is proper to dismiss for failure to state a claim. Davidson v. State of Georgia 622 F2d 895 (5th Cir 1980).

The purpose of requiring plaintiffs in civil rights action to plead specific facts is to weed out frivolous claims and to give defendants notice of exact conduct which is alleged to have constituted deprivation of individual's civil liberties Dudosh v. City of Allentown 629 F.Supp. 849 (E.D. Pa 1985). Plaintiffs have failed to give Barrett-Anderson notice of the conduct which entitiles them to relief against her in her individual capacity. In fact the body of the complaint only states that Barrett-Anderson is being sued in her capacity as Attorney General of Guam. Conclusory allegations with nothing more are insufficient to defeat a motion to dismiss. McCarthy v. Mayo 827 F2d 1310, 1316 (9th Cir 1987), Mobile Oil Corp. v. Letkowitz 454 F.Sup 59 (S.O. NY 1977)

    II.    THE COURT DOES NOT HAVE JURISDICTION OVER ELIZABETH BARRETT-ANDERSON IN HER PERSONAL CAPACITY.

Federal courts are courts of limited jurisdictions and the presumption is that the court lacks jurisdiction unless the contrary affirmatively appears in the complaint. Fifty Associates v. Prudential Insurance Co. of America 446 F2d 1187, 1190 (9th Cir 1970). No federal cause of action has been alleged against the individual Barrett-Anderson in the complaint. The following must be alleged in the

complaint in order for the plaintiff to invoke the jurisdiction of the District Court:

> (a) a particularized injury (b) concretely and demonstrably resulting from defendants' action (c) which injury will be redressed by the remedies sought.

People of the State of Cal. Ex Rel Younger v. Anderson, 608 F2d 1247 (9th Cir 1979), Port of Astoria Oregon v. Hodel. 595 F.2d 467 (9th Cir 1979) Warth v. Seldin 422 U.S. 490 95 S.Ct 2197 (1975) No violation of federal laws and no injury has been alleged as a result of Barrett-Anderson's conduct, therefore the court lacks jurisdiction over her in her personal capacity. Id. As stated in Bowker v. Morton 541 F.2d 1347, 1349 (9th Cir 1976), in order to have standing to bring suit in Federal Court plaintiff must allege that

> 1) The action challenged must have cause the plaintiff injury in fact (economic or other); and (2) the interest sought to be protected must arguably be within the zone of interests to be protected by the statute in question.
>
> . . .
>
> Plaintiff may not rely on "the remote possibility unsubstantiated by allegations of fact, that their situation might have been better had respondents acted otherwise and might improve were the court to afford relief."

Id. at 1349

The plaintiffs in the instant case may not rely on "remote possibilities" unsubstantiated by factual allegations. They must plead a cause of action under federal statutes or the constitutions in order to remain in court.

The complaint against Barrett-Anderson in her official capacity should be dismissed.

### III ELIZABETH BARRETT-ANDERSON AS PROSECUTOR IS ENTITLED TO ABSOLUTE IMMUNITY FROM SUIT.

Elizabeth Barrett-Anderson in her role as Prosecutor is absolutely immune from suit. Ashelman v. Pope 793 F2d 1072 1075 (9th Cir 1986) Imbler v. Patchman 424 U.S. 409 96 S.Ct. 984 (1976) Lerwill v. Jostin 712 F2d 435 (10th Cir 1983). Where a prosecutor acts as an advocate "in initiating a prosecution and in presenting the state's case" absolute immunity applies. Imbler v. Patchman at 431, 96 S.Ct at 995.

> "The primary policy of extending immunity to judges and to prosecutors is to ensure independent and disinterested judicial and prosecutorial decision making."

Ashelman v. Pope at 1078.

No allegations have been made in the complaint that Elizabeth Barrett-Anderson has taken any actions outside the scope of her authority. Therefore Elizabeth Barrett-Anderson enjoys absolute immunity in this case and the action against her in her personal capacity should be dismissed. McCarthy v. Mayo 827 F2d 1310 (9th Cir 1987), Mobile Oil Corp. v. Lefkowitz 454 F.Supp 59 (S.O. NY 1977)

Dated this 9th day of April, 1990.

ELIZABETH BARRETT-ANDERSON
Attorney General

By: [signature]
MARIA G. FITZPATRICK
Assistant Attorney General