
ORIGINAL



Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
Civil Division
590 S. Marine Corps. Drive
ITC Bldg., Ste. 802
Tamuning, Guam 96913 · USA
671-475-2709/10 · 671-477-2493 (fax)
www.oagguam.org

**Attorneys for the Government of Guam**

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM SOCIETY OF OBSTETRICIANS and GYNECOLOGISTS, GUAM NURSES ASSOCIATION, et al., on behalf of themselves and all others similarly situated, and all their women patients, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS B. MOYLAN, in his official capacity as Attorney General of Guam; LOURDES LEON GUERRERO, in her official capacity as Governor of Guam; ARTHUR U. SAN AGUSTIN, MHR, in his official capacity as Director of the Department of Public Health and Social Services; LILLIAN POSADAS, MN, RN, in her official capacity as Administrator and CEO of Guam Memorial Hospital; and ALICE M. TAIJERON, GERARD "JERRY" C. CRISOSTOMO, G. PATRICK CIVILLE, JOSEPH P. MAFNAS, ANTONIA "TONI" R. | CIVIL CASE NO. 90-00013 <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT ATTORNEY GENERAL OF GUAM DOUGLAS B. MOYLAN'S MOTION TO VACATE PERMANENT INJUNCTION PURSUANT TO FED.R.CIV.P. 60(b)(5) AND TO DISMISS THIS CASE WITH PREJUDICE** |

GUMATAOTAO, CARISSA E. )
PANGELINAN, and BENNY A. )
PINAULA, in their official capacities as )
members of the Guam Election )
Commission, )
)
            Defendants.[1] )
)

## INTRODUCTION

Pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, the Attorney

General of Guam moves this Court for an order vacating the permanent injunction

entered in this matter on August 23, 1990 (Dkt. Nos. 224, 226), as amended October

16 and 17, 1990 (Dkt. Nos. 249, 251) enjoining the enforcement of Guam Public Law

20-134 (Mar. 19, 1990). *See, Guam Society of Obstetricians and Gynecologists v. Ada,*

776 F. Supp. 1422 (D.Guam 1990), *aff'd,* 962 F.2d 1366 (9th Cir. 1992); *cert. denied*

*sub nom. Ada v. Guam Society of Obstetricians and Gynecologists,* 506 U.S. 1011

(1992).  The Attorney General further moves this Court for an order dismissing this

case with prejudice.

The doctrinal underpinnings of the permanent injunction in this case were

predicated on the Supreme Court's decision in *Roe v. Wade,* 410 U.S. 113 (1973),

which held that the Constitution confers upon women a constitutionally protected

right to an abortion in certain circumstances. But *Roe* and its progeny are no longer

---

[1] This case has been dormant since 1997. The defendants named here in their official capacities have been automatically substituted in place of their predecessors pursuant to Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.").

2

the law. *See, Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2284 (June 24, 2022) (overruling *Roe*; and *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833 (1992)) ("The Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion. *Roe* and *Casey* arrogated that authority. We now overrule those decisions and return that authority to the people and their elected representatives."). Because there is no longer a legal basis to support the injunction, it must be vacated and the case dismissed with prejudice.

## STANDARD OF REVIEW

Rule 60(b)(5) "permits courts to 'relieve a party or its legal representative from a final judgment, order, or proceeding ... [if] applying it prospectively is no longer equitable.'" *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1097 (9th Cir. 2021) (quoting FED. R. CIV. P. 60(b)(5)). "A party requesting modification must show 'a significant change either in factual conditions or in the law warranting modification of the decree.'" *Id.* (quoting *United States v. Asarco Inc.*, 430 F.3d 972, 979 (9th Cir. 2005); also citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)).

> Further, the modification must be suitably tailored to resolve the problems created by the changed factual or legal conditions. If the moving party cites significantly changed circumstances, it must also show that the changed conditions make compliance with the [] decree more onerous, unworkable, or detrimental to the public interest.

*Id.*, 985 F.3d at 1097-98 (internal quotation marks omitted).

"An unbroken line of Supreme Court cases makes clear that it is an abuse discretion to deny a modification of an injunction after the law underlying the order changes to permit what was previously forbidden." *California by and through*

3

*Becerra v. U.S. Envtl. Protec. Agency*, 978 F.3d 708, 713-14 (9th Cir. 2020) (citing *Railway Employees v. Wright*, 364 U.S. 642, 652-653 (1961); *Rufo*, 502 U.S. 393; *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 437-438 (1976))). "A court may recognize subsequent changes in either statutory or decisional law. A court errs when it refuses to modify an injunction or consent decree in light of such changes." *Agostini v. Felton*, 521 U.S. 203, 215 (1997)) (citations omitted). "Thus, *Agostini* confirms the equitable principle that when the law changes to permit what was previously forbidden, it is an abuse of discretion to not modify an injunction based on the old law." *Becerra*, 978 F.3d at 714-15 (footnote omitted).

## ARGUMENT

### I. The Attorney General is the Only Necessary Party-Defendant in this Case.

The relief plaintiffs sought and obtained when this case was first filed was to enjoin enforcement of Guam Public Law 20-134, a law intended to amend Guam's criminal statutes to outlaw abortion in all but specific limited circumstances. A copy of P.L. 20-134 is attached for the Court's convenience. The original defendants were the Governor; the Attorney General; the Director of the Department of Public Health and Social Services; the Administrator of Guam Memorial Hospital; and members of the Guam Election Commission.[2]

---

[2] Guam Memorial Hospital and the Election Commission entered into stipulations in which they each agreed to take no position on the merits of the case and further agreed "to abide by all injunctions and court orders in this action." *Ada*, 776 F. Supp. at 1426 n. 3.

4

At the time this case was originally filed, the Attorney General was appointed by, and served at the pleasure of, the Governor. Congress amended Guam's Organic Act in 1998 to provide that the "Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam," and to authorize the Guam Legislature to decide whether to keep the Attorney General as an appointed officer who serves at the pleasure of the Governor, or to make it an elective office. *See* 48 U.S.C. § 1421g(d). The Guam Legislature chose the latter. *See* Guam Public Law 25-44 (Jun. 9, 1999), codified at 5 GCA § 30101. According to the Guam Supreme Court, "the provisions with respect to the Attorney General were in direct response to controversies resulting from the 'appointment nature' of the Attorney General." *A.B. Won Pat Guam Intern. Airport Auth. ex rel. Bd. of Directors v. Moylan*, 2005 Guam 5 ¶ 31. And so, Guam's Legislature decided the Attorney General should be independently elected, answerable not to the Governor, but to the electorate.[3]

---

[3] *See* 48 U.S.C. § 1421g(d)(1) ("The Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam."); 5 GCA § 30109 ("The Attorney General is the public prosecutor and, by himself, a deputy or assistant, *shall*: (a) conduct on behalf of the government of Guam the prosecution of all offenses against the laws of Guam which are prosecuted in any of the courts of Guam, the District Court of Guam, and any appeals therefrom..."); 5 GCA § 30104 ("The Attorney General shall have cognizance of all matters pertaining to public prosecution, including the prosecution of any public officials."); 5 GCA § 30102 ("Notwithstanding any other provision of law, the Attorney General shall have cognizance of all legal matters, excluding the Legislative and Judicial Branches of the government of Guam, involving the Executive Branch of the government of Guam, its agencies, instrumentalities, public corporations, autonomous agencies and the Mayors Council, all hereinafter referred to as 'agency'."); and 5 GCA § 30103 ("The Attorney General shall have, in addition to the powers expressly conferred upon him by this Chapter, those common law powers which include, but are not limited to, the right to bring suit to challenge laws which he believes to be unconstitutional and to bring action on behalf of the Territory representing the citizens as a whole for redress of grievances which the citizens

5

The Attorney General alone is responsible for enforcement of those parts of Guam's criminal Code enjoined by this Court. No defendants other than the Attorney General, including the Governor, have any role in the enforcement of the criminal provisions of Public Law 20-134. The Attorney General is the only government of Guam official necessary to whatever continuing relief plaintiffs may seek in this case.

**II. The Legal Basis for the Permanent Injunction No Longer Exists.**

The permanent injunction was predicated on a "right of personal privacy, or a guarantee of certain areas or zones of privacy," *Ada*, 776 F. Supp. at 1428, that *Roe* wove together from the First, Fourth, and Fifth Amendments, "the penumbrae of the Bill of Rights, the Ninth Amendment, and the concept of liberty guaranteed by the first section of the Fourteenth Amendment." *Id.* The "significant change either in factual conditions or in the law warranting modification of the decree," *Asarco*, 430 F.3d at 979, is quite simply that *Roe* and its progeny are no longer controlling law.

> We hold that *Roe* and *Casey* must be overruled. The Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision, including the one on which the defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the Fourteenth Amendment. That provision has been held to guarantee some rights that are not mentioned in the Constitution, but any such right must be "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty."
>
> The right to abortion does not fall within this category.

---

individually cannot achieve, unless expressly limited by any law of Guam to the contrary."). In view of these statutory and common law powers, the Attorney General is *duty-bound* to bring to the Court's attention developments in the law that affect the Court's continuing exercise of jurisdiction, and to seek the return of the authority to decide this "profound moral question" to the people of Guam and their elected representatives. *Dobbs*, 142 S. Ct. 2228.

6

*Dobbs*, 142 S. Ct. 2242 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted by the Court)).

One week after the Supreme Court's decision in *Dobbs* overruled *Roe* and *Casey* the Fifth Circuit Court of Appeals took three short paragraphs to vacate an injunction enjoining Texas laws regulating the disposal of embryonic and fetal tissue remains. *See Whole Woman's Health v. Young*, 37 F.4th 1098, 1100 (5th Cir. June 28, 2022) (per curiam). The Eleventh and Fourth Circuits followed. *See SisterSong Women of Color Reprod. Just. Collective v. Governor of Ga.*, 40 F.4th 1320, 1324-26 (11th Cir. July 20, 2022) (vacating pre-*Dobbs* permanent injunction of a law prohibiting post-fetal-heartbeat abortions) ("*Dobbs* clearly holds that a supposed right to abortion is not protected by any constitutional provision and the only constitutional scrutiny to which abortion regulations are subject is rational-basis review."); and *Planned Parenthood South Atlantic v. Wilson*, No. 21-1369, 2022 WL 2900658 (4th Cir. July 21, 2022) (granting South Carolina Attorney General's motion for summary vacatur of preliminary injunction of fetal heartbeat law).[4]

---

[4] *See, also, Robinson v. Marshall*, 2:19CV365-MHT, 2022 WL 2314402 (M.D. Ala. June 24, 2022) (granting Alabama Attorney General's unopposed motion to dissolve in light of *Dobbs* preliminary injunction that enjoined a law imposing criminal liability on abortion providers for nearly all abortions); *Bernard v. Individual Members of Indiana Med. Licensing Bd.*, 119CV01660SEBDML, 2022 WL 3009741 (S.D. Ind. July 7, 2022) (granting defendants' unopposed motion to vacate a preliminary injunction against Indiana Code provisions which prohibit "knowingly or intentionally perform[ing] a dismemberment abortion unless reasonable medical judgment dictates that performing the abortion is necessary: (1) to prevent any serious health risk to the mother; or (2) to save the mother's life") ("in light of the Supreme Court's recent decision overruling the legal precedent established in *Roe* and *Casey* which were the linchpin holdings for our analysis and rulings, we

7

Except for two sections of Public Law 20-134 discussed within, the permanent injunction in this case relies exclusively on *Roe* and its early progeny, which the Court in *Dobbs* held "was egregiously wrong from the start." *Id.*, 142 S. Ct. at 2243. "It is time to heed the Constitution and return the issue of abortion to the people's elected representatives. The permissibility of abortion, and the limitations, upon it, are to be resolved like most important questions in our democracy: by citizens trying to persuade one another and then voting. That is what the Constitution and the rule of law demand." *Id.* (cleaned up).

Section 1 of Public Law 20-134 contained the Guam Legislature's findings, which included "that for purposes of this Act life of every human being begins at conception, and that unborn children have protectible interests in life, health, and well-being." Section 2 defined "abortion" and its limited exceptions:

> **§ 31.20. Abortion: defined.** "Abortion" means the purposeful termination of a human pregnancy after implantation of a fertilized ovum by any person including the pregnant woman herself with an intention other than to produce a live birth or to remove a dead unborn fetus. "Abortion" does not mean the medical intervention in (i) an ectopic pregnancy, or (ii) in a pregnancy at any time after the commencement

hereby vacate the preliminary injunction entered in this case"); *Planned Parenthood Great N.W., Hawaii, Alaska, Indiana, and Kentucky, Inc. v. Cameron*, 3:22-CV-198-RGJ, 2022 WL 2763712 (W.D. Ky. July 14, 2022) (granting Kentucky Attorney General's unopposed motion to partially dissolve preliminary injunction enjoining ban on 15-week abortions in light of *Dobbs*); and *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 19-5516, 2022 WL 2866607 (6th Cir. July 21, 2022) (granting Kentucky Attorney General's motion to intervene, vacating the panel opinion and order in *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 960 F.3d 785 (2020), and remanding to the district court to reconsider the permanent injunction in light of *Dobbs*); and *June Med. Services LLC v. Phillips*, CV 14-525-JWD-RLB, 2022 WL 16924100, at *13 (M.D. La. Nov. 14, 2022) (granting Louisiana secretary of the Department of Health's renewed emergency motion to vacate permanent injunction).

of pregnancy if two (2) physicians who practice independently of each other reasonably determine using all available means that there is a substantial risk that continuance of the pregnancy would endanger the life of the mother or would gravely impair the health of the mother, any such termination of pregnancy to be subsequently reviewed by a peer review committee designated by the Guam Medical Licensure Board, and in either case such an operation is performed by a physician licensed to practice medicine in Guam or by a physician practicing medicine in the employ of the government of the United States, in an adequately equipped medical clinic or in a hospital approved or operated by the government of the United States or of Guam.

Section 3 repealed and reenacted § 31.21 of Title 9 Guam Code Annotated to read:

**§ 31.21. Providing or administering drug or employing means to cause an abortion.** Every person who provides, supplies, or administers to any woman, or procures any woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to cause an abortion of such woman as defined in § 31.20 of this Title is guilty of a third degree felony. In addition, if such person is a licensed physician, the Guam Medical Licensure Board shall take appropriate disciplinary action.

Sections 4 and 5, discussed within, criminalized solicitation with the intent to cause an abortion as defined in Section 1.

This Court held that because Sections 2, 3, 4, and 5 of Public Law 20-134 "fail to make distinctions based on the stage of the pregnancy, and because the law does not recognize, as it must, any of the other constitutionally-protected interests involved, it violates the Due Process Clause of the Fourteenth Amendment, as it applies to Guam via [48] § 1421b(u)." 776 F. Supp. at 1428-29 (footnotes omitted). But legislatures are no longer required to "make distinctions based on the stage of the pregnancy" because there are no "constitutionally-protected interests involved." *Id.*

**III. Now that *Roe* has been Overruled, the First Amendment is Not a Legal Basis to Enjoin Enforcement of the Anti-solicitation Clauses of Guam Public Law 20-134.**

Section 4 of Public Law 20-134 repealed and reenacted 9 GCA § 31.22 to read:

> **§31.22. Soliciting and taking drug or submitting to an attempt to cause an abortion.** Every woman who solicits of any person any medicine, drug, or substance whatever, and takes the same, or who submits to any operation, or to the use of any means whatever with intent thereby to cause an abortion as defined in §31.20 of this Title is guilty of a misdemeanor.

Section 5 added a new 9 GCA § 31.23 to read:

> **§31.23. Soliciting to submit to operation, etc., to cause an abortion.** Every person who solicits any woman to submit to any operation, or to the use of any means whatever, to cause an abortion as defined in §31.20 of this Title is guilty of a misdemeanor.

This Court said – in dicta, in a footnote, without analysis – that Sections 4 and 5 "also violate the First Amendment since they attempt to prohibit freedom of speech... are constitutionally infirm insofar as they would make criminal any discussion between a woman and her doctor concerning the need for, and access to, an abortion... [and] are also invalid on their face insofar as they purport to prohibit more general speech concerning abortion and its availability.") (quotations and citations omitted). But any argument that Sections 4 and 5 of the law may continue to be enjoined based on purported First Amendment considerations must fail. [5]

---

[5] When this Court's decision was appealed, defendants did not appeal from this part of the ruling finding Sections 4 and 5 violated the First Amendment. The plaintiffs then argued that the unappealed sections were not severable from the remainder of the law, which left nothing to be decided on appeal. The Court of Appeals rejected plaintiffs' argument, holding that the "sections of the act that remain if Sections 4 and 5 are severed clearly are fully operative as a law." *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1369–70 (9th Cir. 1992) (quoting *Alaska Airlines,*

This Court's ruling that the sections of Public Law 20-134 that criminalized solicitation with the intent to cause an abortion violated the First Amendment was decided when abortion was a constitutionally protected right, but only because *Roe* said it was. Depending as it did on constitutional "rights" created by *Roe*, this Court's First Amendment analysis might have been correct in its day, but not today.

Criminal solicitation requires that the underlying act being solicited is itself a crime. When *Roe* was binding precedent, solicitation to do a constitutionally protected thing was of course entitled to First Amendment protection. But there is no protection for solicitation of something made criminal. "Offers to engage in illegal transactions are categorically excluded from First Amendment protection." *United States v. Williams*, 553 U.S. 285, 297 (2008) (citations omitted).[6]

When the underlying act being solicited is *not* constitutionally protected, but is in fact illegal, the First Amendment provides no sanctuary. "To be sure, there remains an important distinction between a proposal to engage in illegal activity and

---

*Inc. v. Brock*, 480 U.S. 678, 684 (1987)). Although not cited in the opinion, this would have been consistent with Guam rules of statutory construction applicable at the time. *See*, 1 GCA § 721 ("If any of the provisions of this Code, or the application thereof to any person or circumstance, is held invalid, such invalidity shall not affect any other provision or application of this Code which can be given effect without the invalid provision or application, and to this end the provisions of this Code are severable."); 8 GCA § 1.05 (same); and 9 GCA § 1.12 (same).

[6] "Many long established criminal proscriptions – such as laws against conspiracy, incitement, and solicitation – criminalize speech (commercial or not) that is intended to induce or commence illegal activities. See, *e.g.*, ALI, Model Penal Code § 5.02(1) (1985) (solicitation to commit a crime); § 5.03(1)(a) (conspiracy to commit a crime). Offers to provide or requests to obtain unlawful material, whether as part of a commercial exchange or not, are similarly undeserving of First Amendment protection." *Williams*, 553 U.S. at 298.

11

the abstract advocacy of illegality." *Id.*, 553 U.S. at 298-99 (citing *Brandenburg v. Ohio,* 395 U.S. 444, 447-48 (1969) (per curiam); and *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 928–29 (1982)). To paraphrase the Supreme Court, "[t]he Act before us does not prohibit advocacy of [a woman's right to abortion], but only offers to provide it or requests to obtain it. There is no doubt that this prohibition falls well within constitutional bounds." *Id.*, 553 U.S. at 299.

Nothing in sections 4 and 5 of Public Law 20-134 criminalize advocacy in the abstract, nor general discussion. Without the so-called "rights" created by *Roe,* there is no reading of Public Law 20-134 that can reasonably be construed to suggest that people may not protest (lawfully), print, publish, petition the government, or otherwise advocate for the return of the "right" to abortion. Sections 4 and 5 do not prohibit mere words or political advocacy, but the *act* of solicitating the *means* to obtain an illegal abortion – either by soliciting *and the taking* of medicine, drugs, or other substance, or by soliciting *and submitting* to any operation – *with the intent to cause an abortion. Compare,* 9 GCA § 13.20 ("A person is guilty of solicitation to commit a felony when *with intent to promote or facilitate its commission* he commands, encourages or requests another person to perform or omit to perform an act which constitutes such crime or an attempt to commit such crime or would establish his complicity in its commission or attempted commission.") (emphasis added). What is criminalized here is neither speech nor advocacy, but intentional acts in pursuit of a crime. Because the Constitution, when properly interpreted, does not proscribe the criminalization of abortion altogether if the elected representatives of

the people of Guam so decide, it does not violate the First Amendment to criminalize solicitation to commit those crimes.

## CONCLUSION

*Dobbs* has overruled *Roe*, *Casey*, and their progeny. Consequently, Public Law 20-134 suffers no constitutional infirmity under the Due Process Clause of the Fourteenth Amendment or the First Amendment. The permanent injunction must be vacated and the complaint must be dismissed with prejudice.

Respectfully submitted.

OFFICE OF THE ATTORNEY GENERAL

**DOUGLAS B. MOYLAN**
Attorney General of Guam

**HEATHER M. ZONA**
Acting Deputy Attorney General

13

# CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of Guam that on this day I caused the foregoing document to be served on counsel by filing it electronically with the Clerk of Court for the United States District Court of Guam using the CM/ECF system or otherwise by personal service.

Executed at Tamuning, Guam, on February 1, 2023.

_____
**DOUGLAS B. MOYLAN**
**Attorney General of Guam**

**Copies to be personally served:**

**Anita Arriola, Esq.,** Counsel for the Plaintiffs

**Lourdes Leon Guerrero**, in her official capacity as Governor of Guam;

**Arthur U. San Agustin, MHR**, in his official capacity as Director of the Department of Public Health and Social Services;

**Lillian Posadas, MN, RN**, in her official capacity as Administrator and CEO of Guam Memorial Hospital; and

**Alice M. Taijeron, Gerard "Jerry" C. Crisostomo, G. Patrick Civille, Joseph P. Mafnas, Antonia "Toni" R. Gumataotao, Carissa E. Pangelinan**, and **Benny A. Pinaula**, in their official capacities as members of the Guam Election Commission

14