

LESLIE A. TRAVIS, *Legal Counsel*
leslie.travis@guam.gov
JEFFREY A. MOOTS, *Legal Counsel*
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1118 | Fax: (671) 477-4826

*Attorneys for Defendant*
*Lourdes A. Leon Guerrero, Governor of Guam*

# IN THE UNITED STATES DISTRICT COURT
# TERRITORY OF GUAM

| | |
|---|---|
| GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS; GUAM NURSES ASSOCIATION; THE REVEREND MILTON H. COLE, JR.; LAURIE KONWITH; EDMUND A. GRILEY, M.D.; JOHN DUNLOP, M.D., on behalf of themselves and all others similarly situated, and all their women patients,<br><br>        Plaintiffs,<br><br>v.<br><br>LOURDES A. LEON GUERRERO, in her individual and official capacities; ARTHUR U. SAN AGUSTIN, MHR; LILLIAN POSADAS, MN, RN; DOUGLAS B. MOYLAN; and ALICE M. TAIJERON, GERARD C. CRISOSTOMO, G. PATRICK CIVILLE, JOSEPH P. MAFNAS, ANTONIA R. GUMATAOTAO, CARISSA E. PANGELINAN, and BENNY A. PINAULA, as the Board of Directors of the Guam Election Commission, in their official capacities, together with all others similarly situated,<br><br>        Defendants. | CIVIL CASE NO. 90-00013<br><br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ABSTENTION** |

# TABLE OF AUTHORITIES

## CASES

*Agostini v. Felton*,
521 U.S. 203, 117 S. Ct. 1997, 138 L.Ed.2d 391 (1997) ............................................................. 2

*Am. Bank & Tr. Co. of Opelousas v. Drake*,
20 F.3d 1170 (5th Cir. 1994) ..................................................................................................... 11

*Brown v. Vail*,
623 F. Supp. 2d 1241 (W.D. Wash. 2009) ................................................................................. 11

*Columbia Basin Apartment Ass'n v. City of Pasco*,
268 F.3d 791 (9th Cir. 2001) ................................................................................................... 7, 8

*Dobbs v. Jackson Women's Health Org.*,
142 S. Ct. 2228 (2022) ......................................................................................................... passim

*Guam Soc. of Obstetricians & Gynecologists v. Ada*,
776 F. Supp. 1422 (D. Guam 1990) ............................................................................................ 5

*Guam Soc. of Obstetricians & Gynecologists v. Ada*,
962 F.2d 1366 (9th Cir. 1992) ............................................................................................ 5, 6, 7

*Int'l Bhd. of Elec. Workers, Local Union No. 1245 v. Pub. Serv. Comm'n of Nevada*,
614 F.2d 206 (9th Cir. 1980) ...................................................................................................... 8

*Moore v. Sims,*
442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ................................................................. 7

*Pearl Inv. Co. v. City & Cnty. of San Francisco*,
774 F.2d 1460 (9th Cir. 1985) .................................................................................................. 12

*Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987 ..................................................................... 8

*Planned Parenthood Arizona, Inc. v. Brnovich*,
2 CA-CV 2022-0116, 2022 WL 18015858 (Ariz. Ct. App. Dec. 30, 2022) ................................ 2

*Planned Parenthood of Greater Texas Surgical Health Servs. v. City of Lubbock, Texas*,
542 F. Supp. 3d 465 (N.D. Tex. 2021) ................................................................................. 7, 11

*Richardson v. Koshiba*,
693 F2d 911 (9th Cir. 1982)……………………………………………………………………..8

*Roe v. Wade*,
410 U.S. 113 (1973) .......................................................................................................... passim

*R.R. Comm'n of Tex. v. Pullman Co.*,
312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941) ............................................................. passim

*San Remo Hotel v. City & Cnty. of San Francisco*,
145 F.3d 1095 (9th Cir. 1998) ............................................................................................ 10, 11

*TakeCare Ins. Co., Inc. v. Birn*,
1:19-CV-00126, 2021 WL 2327051 (D. Guam Feb. 17, 2021) ............................................ 11, 12

*Zbaraz v. Quern*,
572 F.2d 582 (7th Cir. 1978) ................................................................................................... 13

**STATUES**

[Guam] Public Law 20-134 ................................................................................................ passim

42 U.S.C. § 1983 ...................................................................................................................... 7, 8

7 GCA § 4104 ...................................................................................................................... 4, 6, 9

**RULES**

Federal Rules of Civil Procedures 60(b)(5) ......................................................................... 4, 5, 9

Memorandum of Points and Authorities in Support of
Motion for Abstention
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 3 of 16

## I. INTRODUCTION

Defendant Lourdes A. Leon Guerrero, *I Maga'hågan Guåhan*, Governor of Guam, has moved the Court for an order invoking an abstention from further proceedings in this matter pursuant to *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 644, 85 L. Ed. 971 (1941), and staying this matter pending resolution of questions of local law, which are before the Supreme Court of Guam in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001 ("Supreme Court Matter"). *See* Declaration of Leslie Travis ("Travis Decl.") at Exhibit A (Request for Declaratory Judgment (7 GCA § 4104); Verification; Exhibits 1-2).

On February 1, 2023, Defendant Douglas B. Moylan, Attorney General of Guam, filed a Motion to Vacate Permanent Injunction Pursuant to Fed.R.Civ.P. 60(b)(5) and to Dismiss this Case with Prejudice ("Motion to Vacate Injunction")(ECF No. 357), seeking an order vacating the permanent injunction the Court entered on August 23, 1990, which enjoined the Defendants from "enforcing and/or executing any portion of [Guam] Public Law 20-134." Decision and Order Re Permanent Injunction and Other Motions (August 23, 1990)(ECF No. 224) ("8/23/1990 Dec. & Order"). Defendant Moylan further requests that the Court dismiss this case with prejudice. Motion to Vacate Injunction (ECF No. 357) at 2.

Defendant Moylan argues that the Court should vacate the permanent injunction because (1) recently, in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022), the United States Supreme Court reversed *Roe v. Wade*, 410 U.S. 113 (1973), the legal authority upon which the permanent injunction in this matter was predicated, and purportedly "there is no longer a legal basis to support the injunction," Memorandum in Support of Defendant Attorney General of Guam Douglas B. Moylan's Motion to Vacate Permanent Injunction Pursuant to Fed.R.Civ.P. 60(b)(5) and to Dismiss this Case with Prejudice ("Moylan Mem. P.

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 1 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 4 of 16

& A.") at 2-3; and (2) Sections 4 and 5 of P.L. 20-134 do not violate the First Amendment of the United States Constitution, as the Court additionally determined in its 8/23/1990 Dec. & Order, because the underlying act being solicited—an abortion—is no longer recognized as a constitutionally protected right. *Id.* at 11-12.

However, relief from judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure requires evaluation of changes not just to decisional law but rather the broader legal landscape. *See Planned Parenthood Arizona, Inc. v. Brnovich*, 2 CA-CV 2022-0116, 2022 WL 18015858, at *2 (Ariz. Ct. App. Dec. 30, 2022) (finding that, on motion to set aside permanent injunction prohibiting enforcement on abortion ban, the court should consider not only the change in decisional law in *Dobbs v. Jackson*, but also other changes in the law, including statutory law) (citing *Agostini v. Felton*, 521 U.S. 203, 216, 117 S. Ct. 1997, 138 L.Ed.2d 391 (1997)). Vacating the injunction entered in this case requires review of changes to both decisional law as well as *statutory* law, which has itself substantially evolved in the intervening thirty-three (33) years since the 20th Guam Legislature passed P.L. 20-134 in 1990, changes that likely resulted in an implied repeal of P.L. 20-134. The question of whether P.L. 20-134 was repealed by implication is an unsettled question of Guam law, resolution of which may narrow or moot the constitutional issues the Court must resolve in considering Defendant Moylan's Motion to Vacate Injunction.

Because resolution of Defendant Moylan's Motion to Vacate Injunction touches on a sensitive area of social policy, the constitutional adjudication pending before this Court can be avoided if the issue of Guam law is resolved, and the issue of Guam law is itself uncertain, it is appropriate for the court to abstain from further proceedings in this matter pursuant to *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), until such time Guam courts have resolved the questions of Guam law in the first instance. An action to resolve the question whether P.L. 20-134 has been impliedly repealed by subsequent legislation

Memorandum of Points and Authorities in Support of
Motion for Abstention
Case 1:90-cv-00013 Document 367 Filed 02/13/23 Page 5 of 16

is already pending before the highest court of Guam.

On January 23, 2023, in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001, Defendant Leon Guerrero filed a Request for Declaratory Judgment in the Supreme Court of Guam, as authorized by 7 GCA § 4104, seeking declaratory judgment from the court on the validity and enforceability of P.L. No. 20-134, including whether, as a matter of Guam law, subsequent legislation impliedly repealed P.L. 20-134. *See* Travis Decl., Ex. A at 18 (emphasis added). If the Guam Supreme Court determines that the P.L. 20-134 has in fact been repealed by subsequent legislation, P.L. 20-134 will be unenforceable and Defendant Moylan's Motion to Vacate Injunction will be moot.

For these reasons, Defendant Leon Guerrero respectfully requests that this Court abstain from further proceedings in this matter, including resolution of Defendant Moylan's Motion to Vacate Injunction, until the Supreme Court Matter has been decided.

II. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A. **Guam Public Law No. 20-134**

On March 19, 1990, Governor Joseph A. Ada purported to sign into law P.L. 20-134, "An Act to Repeal and Reenact §31.20 of Title 9, Guam Code Annotated, to Repeal §§31.21 and 31.22 thereof, to Repeal Subsection 14 of Section 3107 of Title 10, Guam Code Annotated, Relative to Abortions, and to Conduct a Referendum Thereon." *See* P.L. 20-134, attached to SAC (ECF No. 154) as Exhibit A. P.L. 20-134 contained a sweeping ban on abortion, setting criminal penalties for (1) persons providing drugs or employing other means to cause an abortion, including doctors; (2) women soliciting and taking a drug with intent to cause an abortion, or submitting to an operation or to the use of other means with intent to cause an abortion; and (3) persons "soliciting" a woman to submit to an abortion. *Id.* P.L. 20-134 purported to repeal the

Memorandum of Points and Authorities in Support of
Motion for Abstention
Case 1:90-cv-00013   Document 3673   Filed 02/13/23   Page 6 of 16

existing statutes governing abortions at the time, which were enacted in 1978 as part of the original Criminal & Correctional Code.

Prior to enactment of P.L. 20-134, on February 26, 1990, Elizabeth Barrett-Anderson, Attorney General of Guam at the time, submitted written testimony to Senator Pilar C. Lujan, the Chairwoman of the Committee on Judiciary and Criminal Justice for the 20th Guam Legislature, regarding precursor Bill No. 848. *See* Testimony of Attorney General Elizabeth Barrett-Anderson ("AG Testimony"), attached as Exhibit A to the Declaration of Anita Arriola, which is attached as Exhibit H to Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 3) at 63. In her testimony, AG Barrett-Anderson provided her opinion that Bill 848 was "unconstitutional as violative of a woman's constitutional right of privacy as enunciated by the United States Supreme Court's 1973 decision in *Roe v. Wade*, 93 S. Ct. 705, 410 U.S. 113 (1973)." *Id.* at 64.

On March 23, 1990, then Governor Joseph A. Ada, an original defendant in this case, transmitted P.L. 20-134 to Joe T. San Agustin, the Speaker of the 20th Guam Legislature. *See* Letter from Governor Joseph Ada to Speaker Joe T. San Agustin re: P.L. 20-134 ("P.L. 20-134 Transmittal Letter"), attached as Exhibit 5 to Plaintiffs' Exhibits in Support of Motion for Summary Judgment and Permanent Injunction (ECF No. 114) at 27. In his transmittal letter, Governor Ada acknowledged that he had "been informed by [his] Attorney General that in her opinion this bill as it is written is unconstitutional…" *Id.* at 28.

### B. District Court Case and Ninth Circuit Appeal

On March 23, 1990, plaintiffs filed their Complaint in this matter, alleging that P.L. 20-134 violated the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, the Organic Act of Guam, and 42 U.S.C. § 1983, and seeking a judgment declaring P.L. 20-134 to be in violation of the United States Constitution and the

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 4 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 7 of 16

Organic Act, and permanently enjoining its enforcement. *See* Complaint (ECF No. 1). On August 23, 1990, the Court issued its Decision and Order re Permanent Injunction and Other Motions, granting summary judgment to the plaintiffs and permanently enjoining the enforcement of P.L. 20-134, finding that *Roe v. Wade* applied in Guam, and because Sections 2, 3, 4, and 5 of P.L. 20-134 failed to make distinctions based on the stage of pregnancy and failed to recognize other constitutionally-protected interests, it violated the Due Process Clause of the Fourteenth Amendment, as it applied to Guam. *See Guam Soc. of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1428–29 (D. Guam 1990). The Court also separately found that Sections 4 and 5 of P.L. 20-134 violated the First Amendment because they attempt to prohibit freedom of speech, were constitutionally infirm "insofar as they would make criminal any discussion between a woman and her doctor concerning the need for, and access to, an abortion" and were invalid on their face "insofar as they purport to prohibit more general speech concerning abortion and its availability." *Id.* at 1428 n.9.

On October 16, 1990, the Court issued its Amended Judgment, ordering in relevant part that "[S]ections two through five of Public Law 20–134 are hereby declared *unconstitutional and void* under the U.S. Constitution, the Organic Act and 42 U.S.C. § 1983." *See* Amended Judgment (ECF No. 249) at 2 (emphasis added). The defendants in this matter thereafter appealed the Judgment and Amended Judgment to the United States Court of Appeals for the Ninth Circuit, in *Guam Society of Obstetricians & Gynecologists v. Ada*, Case No. 90-16706 (the "Ninth Circuit case"). *See*, Notices of Appeal, ECF Nos. 235 and 257.

In *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366 (9th Cir. 1992), the Ninth Circuit Court of Appeals affirmed the Court's judgment, finding that the 1968 amendment to the Organic Act of Guam, "expressly extends to Guam the Due Process Clause of the Fourteenth Amendment, upon which the holding of *Roe* was founded," and that P.L. 20-134 was unconstitutional, where it "ma[de] no attempt to comply with *Roe*." *Id*. at 1370. The Ninth

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 5 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 8 of 16

Circuit further acknowledged that this Court had also held that Sections 4 and 5 of P.L. 20-134 violated the First Amendment, and observed that that ruling had not been appealed. *Id*. at 1369.

The United States Supreme Court denied the defendants' Petition for a Writ of Certiorari. *See Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011, 113 S. Ct. 633, 121 L. Ed. 2d 564 (1992).

### C. *Dobbs v. Jackson* **and Subsequent Litigation**

Nearly thirty years later, on June 24, 2022, the United States Supreme Court issued its Opinion in *Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 2228 (2022), overturning *Roe v. Wade* and finding that the right to abortion is not expressly or implicitly protected by the U.S. Constitution, including by the Due Process Clause of the Fourteenth Amendment, upon which *Roe v. Wade* was decided. *Id.* at 2242. Expressly reversing *Roe v. Wade*, the *Dobbs* Court further found that, because the U.S. Constitution does not confer a right to abortion, "the authority to regulate abortion must be returned to the people and their elected representatives." *Id.* at 2279.

On January 23, 2023, in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001, Defendant Leon Guerrero filed a Request for Declaratory Judgment in the Supreme Court of Guam pursuant to 7 GCA § 4104, seeking declaratory judgment on the following three questions:

1. As a matter of Guam law, is P.L. 20-134, which the District Court of Guam held to be unconstitutional and void at the time of its passage, as affirmed by the Ninth Circuit Court of Appeals, void forever, such that it cannot be revived following a change in the constitutional doctrine reversing *Roe v. Wade*;

2. Was the passage of P.L. 20-134 an *ultra vires* act, where the Organic Act limited the Legislature's authority to pass laws to subjects of legislation that were not inconsistent with U.S. law applicable to Guam, and, at the time of its passage, P.L. 20-134 was inconsistent with the U.S. Constitution as applicable to Guam; and

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 6 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 9 of 16

3. *As a matter of Guam law, if the court finds that the Organic Act authorized the 20th Guam Legislature to pass P.L. 20-134, and the legislation was not void ab initio, was P.L. 20-134 impliedly repealed by subsequent legislation the Guam Legislature passed regulating abortion on Guam.*

*See* Travis Decl., Ex. A at 18 (emphasis added). The Supreme Court Matter remains pending.

### III.  ARGUMENT

#### A. Legal Standard

"Pullman abstention is an equitable doctrine that allows federal courts to refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998); *see also Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001) ("The *Pullman* abstention doctrine is a narrow exception to the district court's duty to decide cases properly before it. *Pullman* allows postponement of the exercise of federal jurisdiction when a federal constitutional issue might be mooted or presented in a different posture by a state court determination of pertinent state law.") (internal quotations omitted).

"*Pullman* abstention does not exist for the benefit of either of the parties but rather for the rightful independence of the state governments and for the smooth working of the federal judiciary…When a court abstains in order to avoid unnecessary constitutional adjudication[,] it is not seeking to protect the rights of one of the parties; it is seeking to promote a harmonious federal system by avoiding a collision between the federal courts and state (including local) legislatures." *San Remo Hotel*, 145 F. 3d at 1105. "The policy underlying *Pullman* abstention is that federal courts should avoid premature constitutional adjudication…and the risk of rendering advisory opinions[.]" *Planned Parenthood of Greater Texas Surgical Health Servs. v. City of Lubbock, Texas*, 542 F. Supp. 3d 465, 487 (N.D. Tex. 2021)(internal citations omitted) (citing *Moore v. Sims*, 442 U.S. 415, 428, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("[T]he *Pullman*

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 7 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 10 of 16

concern [is] that a federal court will be forced to interpret state law without the benefit of state-court consideration and ... render[ ] the federal-court decision advisory and the litigation underlying it meaningless.").

"*Pullman* avoids 'federal-court error in deciding state-law questions antecedent to federal constitutional issues,' by allowing for parties to adjudicate disputes involving 'unsettled state-law issues' in state courts." *Planned Parenthood*, 542 F.Supp. 3d at 487 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)). Indeed, "in some cases, the probability that any federal adjudication would be effectively advisory is so great that this concern alone is sufficient to justify abstention, even if there are no pending state proceedings in which the question could be raised." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S. Ct. 1519, 1526, 95 L. Ed. 2d 1 (1987).

In determining whether to apply the Pullman abstention, courts consider three criteria:

> First, the case must touch on a sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open. Second, it must be plain that the constitutional adjudication can be avoided if a definite ruling on the state issue would terminate the controversy. Finally, the possible determinative issue of state law must be uncertain.

*TakeCare Ins. Co., Inc. v. Birn*, 1:19-CV-00126, 2021 WL 2327051, at *9 (D. Guam Feb. 17, 2021)(citing *Columbia Basin v. City of Pasco*, 268 F.3d at 802). The issue of abstention may be raised by either party, *San Remo*, 145 F.3d at 1104-1105, or by the court *sua sponte*, including at oral argument. *Richardson v. Koshiba*, 693 F2d 911, 915 (9th Cir. 1982). It may be raised at the district court level, or even on appeal. *San Remo*, 145 F.3d at 1105. If a court invokes *Pullman* abstention, it "should retain jurisdiction to enable the litigant to return to adjudicate any surviving federal questions after resolution of the state law issues." *Int'l Bhd. of Elec. Workers, Local Union No. 1245 v. Pub. Serv. Comm'n of Nevada*, 614 F.2d 206, 213 (9th Cir. 1980).

//

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 867 of 13
Case 1:90-cv-00013   Document 867   Filed 02/13/23   Page 11 of 16

**A. The Court Should Abstain from Further Proceedings in this Matter Pending Resolution of *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001**

In its 8/23/1990 Dec. & Order, the Court found two independent grounds for invalidating all or part of P.L. 20-134. First, the Court found that because *Roe v. Wade* applied in Guam, any law purporting to regulate abortion must consider different interests at different stages of pregnancy. *Guam Soc. Of Obstetricians v. Ada*, 776 F. Supp at 1429. Because Sections 2, 3, 4, and 5 of P.L. 20-134 failed to make distinctions based on the stage of the pregnancy, and failed to recognize other constitutionally-protected interests involved, it violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.*

Second, the Court found that Sections 4 and 5 of P.L. 20-134 were further constitutionally infirm and invalid under the First Amendment since they attempt to prohibit freedom of speech, where they set criminal penalties for (1) women soliciting and taking a drug with intent to cause an abortion, or submitting to an operation or to the use of other means with intent to cause an abortion; and (2) persons "soliciting" a woman to submit to an abortion, respectively. *Id* at n.9.

Defendant Moylan has moved to vacate the permanent injunction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and to dismiss this case with prejudice. *See* Motion to Vacate Injunction (ECF No. 357). In support of his motion, Defendant Moylan argues first that vacatur of the permanent injunction entered on Due Process grounds is appropriate because the legal basis for the permanent injunction no longer exists. Moylan Mem. P. & A. (ECF No. 358) at 6. Specifically, he argues that the reversal of *Roe* by *Dobbs* represents a significant change in the law warranting vacatur of the permanent injunction because legislatures are no longer required to make distinctions based on the stage of the pregnancy as there are no constitutionally-protected interests involved. *Id*. at 9.

//

Second, Defendant Moylan argues that *Dobbs* also supports vacatur of the permanent injunction on enforcement of Sections 4 and 5 of P.L. 20-134 entered on First Amendment grounds.[1] Defendant Moylan proffers that the Court issued its ruling that Sections 4 and 5 violated the First Amendment "when abortion was a constitutionally protected right, but only because *Roe* said it was." *Id.* at 11. According to Defendant Moylan, because abortion is no longer recognized as a constitutionally protected right, and the legislature may pass laws regulating it, a law that criminalizes solicitation of the means to obtain an abortion does not violate the First Amendment. *Id.* at 12-13.

While Defendant Leon Guerrero will oppose Defendant Moylan's arguments in support of his Motion to Vacate Judgment in due course, consistent with the time limits set forth in CVLR 7(f) of the Civil Local Rules of Practice before the District Court of Guam, Defendant Moylan's arguments demonstrate that it would be appropriate for the Court to invoke a *Pullman* abstention in this case, to allow the Supreme Court of Guam to address in the first instance, questions of Guam law that will narrow or moot the important constitutional issues the Court must address in resolving Defendant Moylan's Motion to Vacate Injunction.

As discussed, in considering whether to invoke a Pullman abstention, courts consider three criteria: (1) the case must touch on a sensitive area of social policy upon which federal courts ought not to enter unless no alternative to its adjudication is open; (2) it must be plain that the constitutional adjudication can be avoided if a definite ruling on the state issue would terminate the controversy; (3) the possible determinative issue of state law must be uncertain. See *TakeCare Ins. Co., Inc. v. Birn*, *supra* at *9. All three criteria are met in this case.

---

[1] In the Memorandum of Points and Authorities in Support of Defendant Moylan's Motion to Vacate Permanent Injunction Pursuant to Fed.R.Civ.P. 60(b)(5) and to Dismiss this Case with Prejudice, Defendant Moylan describes the Court's holding regarding the invalidity of Sections 4 and 5 of P.L. 20-134 on independent First Amendment grounds as "dicta." Moylan Mem. P&A (ECF No. 358) at 10. This characterization is not consistent with the Ninth's Circuit's treatment. *See Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d at 1369 ("The district court held that Sections 4 and 5 of the Act violated the First Amendment, and Guam did not appeal from that ruling.").

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 13 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 13 of 16

The first criterion is easily satisfied. The question of whether the near-complete abortion ban provided in P.L. 20-134, which has not been enforced in Guam in over thirty (30) years, was impliedly repealed by subsequent legislation, involves important and unsettled questions of Guam law. *See Zbaraz v. Quern*, 572 F.2d 582, 583 (7th Cir. 1978) (in considering whether district court properly invoked *Pullman*-type abstention in suit seeking injunction on enforcement of statute that prohibited public assistance funding of most abortions, court held that "it cannot be disputed that the case at bar would require the court to enter into a sensitive area of social policy.").

The second factor, whether constitutional adjudication can be avoided if a ruling on the state issue would terminate the controversy, similarly weighs in favor of an abstention. Defendant Moylan has argued that the permanent injunction on enforcement of P.L. 20-134 should be vacated because, since *Dobbs* reversed *Roe*, this Court's holdings that Sections 2, 3, 4 and 5 cannot be found to violate the Due Process clause of the Fourteenth Amendment, and Sections 4 and 5 do not additionally violate the First Amendment. Resolving the Motion to Vacate Injunction will necessarily require resolution of the constitutional issues identified by Defendant Moylan therein.

However, a Supreme Court of Guam determination that P.L. 20-134 has been repealed would moot the Motion to Vacate Injunction – it would in fact moot the entire controversy – and the Court would not need to resolve the constitutional issues implicated therein. *See Planned Parenthood of Greater Texas Surgical Health Servs. v. City of Lubbock, Texas*, 542 F. Supp. 3d at 470 ("[E]ven assuming the Court had jurisdiction, it would abstain under the *Pullman* doctrine to permit the state courts to first resolve an important and unsettled question of state law before resolving the federal constitutional issues. The federal constitutional claim in this case necessarily depends on the validity of the city ordinance"); *Am. Bank & Tr. Co. of Opelousas v. Drake*, 20 F.3d 1170 (5th Cir. 1994) (holding that district court did not abuse discretion in

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 13 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 14 of 16

applying *Pullman* abstention where state law on possible implied repeal of conflicting statute was uncertain); *Brown v. Vail*, 623 F. Supp. 2d 1241, 1245 (W.D. Wash. 2009) (finding that *Pullman* abstention was warranted where "[t]he determination by Washington courts of the validity of Washington's lethal injection protocol under the Washington constitution and state law may obviate any need for federal constitutional adjudication.").

The final element in determining whether to invoke a *Pullman* abstention is whether the determinative issue of state law is unclear. The validity of P.L. 20-134 in light of the evolution of the broader statutory scheme regulating abortion in Guam since its enforcement was enjoined is an issue of first impression in Guam. The Supreme Court of Guam, the highest court of Guam, was established in 1996, six (6) years after the permanent injunction was entered in this case. In the twenty-seven (27) intervening years, the Supreme Court of Guam has not addressed the issue of abortion in Guam at all. It has not had occasion to construe the relevant abortion laws currently in effect together, for the purpose of determining how they intersect or interact. Certainly, because enforcement of P.L. 20-134 was enjoined shortly after its enactment, the Supreme Court of Guam has not had occasion to construe P.L. 20-134 in the broader context of laws regulating abortion in Guam.

As the Ninth Circuit explained in *Pearl Inv. Co. v. City & Cnty. of San Francisco*:

> Uncertainty for purposes of *Pullman* abstention means that a federal court cannot predict with any confidence how the state's highest court would decide an issue of state law… *Resolution of an issue of state law might be uncertain* because the particular statute is ambiguous, or because the precedents conflict, or *because the question is novel and of sufficient importance that it ought to be addressed first by a state court.*

774 F.2d 1460, 1465 (9th Cir. 1985) (emphasis added). Analysis of the interaction between P.L. 20-134 and subsequent legislation in Guam regulating abortion should be addressed in the first instance by the Supreme Court of Guam, particularly because the issue of a possible implied repeal has been raised.

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 13 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 15 of 16

As discussed above, the question of whether the Guam Legislature repealed P.L. 20-134 by implication by passing subsequent legislation regulating abortion in Guam is pending before the Supreme Court of Guam in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001. Because (1) Defendant Moylan's Motion to Vacate Injunction implicates a sensitive area of social policy; (2) a determination by the Supreme Court of Guam regarding the validity and enforceability of P.L. 20-134 in light of subsequent legislation passed by the Guam Legislature would moot or narrow the constitutional issues pending before this Court; and (3) the determinative issue of the potential implied repeal of P.L. 20-134 under Guam law is uncertain, this Court's abstention from further proceedings in this case pending resolution of the Supreme Court Matter is warranted.

### IV. CONCLUSION

For the foregoing reasons, Defendant Leon Guerrero requests that the Court abstain from further proceedings in this matter pending resolution of *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001.

Respectfully submitted this 13th day of February, 2023.

        **OFFICE OF THE GOVERNOR OF GUAM**

        By:   */s/ Leslie A. Travis*
        **LESLIE A. TRAVIS**
        *Attorney for Defendant*
        *Lourdes A. Leon Guerrero*
        *Governor of Guam*

Memorandum of Points and Authorities in Support of
Motion for Abstention
Page 13 of 13
Case 1:90-cv-00013   Document 367   Filed 02/13/23   Page 16 of 16