

LESLIE A. TRAVIS, *Legal Counsel*
leslie.travis@guam.gov
JEFFREY A. MOOTS, *Legal Counsel*
jeffrey.moots@guam.gov
**OFFICE OF THE GOVERNOR OF GUAM**
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
P.O. Box 2950, Hagåtña, Guam 96932
Office: (671) 473-1118 | Fax: (671) 477-4826

*Attorneys for Defendant*
*Lourdes A. Leon Guerrero, Governor of Guam*

### IN THE UNITED STATES DISTRICT COURT
### TERRITORY OF GUAM

| | |
|---|---|
| GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS; GUAM NURSES ASSOCIATION; THE REVEREND MILTON H. COLE, JR.; LAURIE KONWITH; EDMUND A. GRILEY, M.D.; WILLIAM S. FREEMAN, M.D.; JOHN DUNLOP, M.D.; on behalf of themselves and all others similarly situated, and all their women patients,<br><br>    Plaintiffs,<br><br>        v.<br><br>LOURDES A. LEON  GUERRERO, in her official capacity as the Governor of Guam; ARTHUR U. SAN AGUSTIN, in his official capacity as the Director of the Department of Public Health and Social Services; LILLIAN PEREZ-POSADAS, M.N., R.N., in her official capacity as the Administrator of the Guam Memorial Hospital Authority; DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam; ALICE M. TAIJERON, GERARD "JERRY" C. CRISOSTOMO, JOSEPH P. MAFNAS, ANTONIA "TONI" R. GUMATAOTAO, BENNY A. PINAULA, G. PATRICK CIVILLE, and CARISSA E. PANGELINAN, in their official capacities as the Board of Directors of the Guam Election Commission, together with all others similarly situated,<br><br>    Defendants. | CIVIL CASE NO. 90-00013<br><br><br><br>**DEFENDANT LOURDES A. LEON GUERRERO'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ABSTENTION** |

## I. INTRODUCTION

On March 7, 2023, Defendant Douglas B. Moylan, Attorney General of Guam filed his Opposition to Co-Defendant *I Maga'hågan Guåhan* [Governor] Lourdes A. Leon Guerrero's Motion for Abstention (ECF No. 385). On March 8, 2023, without leave of court, Defendant Moylan filed his (Amended) Opposition to Co-Defendant *I Maga'hågan Guåhan* [Governor] Lourdes A. Leon Guerrero's Motion for Abstention ("Opposition") (ECF No. 388). Defendant Leon Guerrero hereby submits her Reply Memorandum to Defendant Moylan's Opposition.

In his Opposition, Defendant Moylan makes only a vague attempt to engage the criteria for a *Pullman* abstention, and spends most of his brief inconsolably citing the same repetitive language from *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) authorizing states to engage in broader legislation regarding abortion care than previously available under *Roe v. Wade*, 410 U.S. 113 (1973). Defendant Moylan views this language as a cure-all that reaches into the rules of civil procedure and abstention doctrines to resolve all substantive and procedural hurdles to the realization of Defendant Moylan's intense interest in prosecuting women for seeking abortion services.

While *Dobbs* certainly represents a change in decisional law, *Dobbs* does not automatically vacate an injunction under FRCP 60(b)(5) without consideration of the impact of the change in statutory law. The change in statutory law is a matter of Guam law, and is pending before the Supreme Court of Guam in *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001 ("the Supreme Court matter"). Nor does *Dobbs* absolve the court of the pending constitutional analysis regarding the status of the court's prior holding that the P.L. 20-134 also violates the First Amendment to the Constitution, which Defendant Moylan himself put before the court in his Motion to Vacate Injunction.

Ultimately, *Dobbs* does not alter the calculus in a *Pullman* review, which weighs heavily in favor of abstention. The fact that abortion is a sensitive area of social policy, and an issue of first

1   impression in the Supreme Court of Guam is not subject to reasonable dispute. The Guam Supreme

2   Court's resolution of whether P.L. 20-134 has been impliedly repealed by subsequent legislation could

3   moot the issues before the court, and avoid adjudication of the pending constitutional issue. For these

4   reasons, the court should abstain from further proceedings and stay this case pending resolution of the

5   Supreme Court matter.

6   **II.   ARGUMENT**

7   **I.      Defendant Moylan's Motion to Vacate Injunction Based on a Change in Decisional Law Does Not Implicate Subject Matter Jurisdiction**

8

9   In his Opposition, Defendant Moylan attempts to frame his February 1, 2023 Motion to Vacate

10  Permanent Injunction Pursuant to Fed.R.Civ.P. 60(b)(5) and to Dismiss this Case with Prejudice

11  ("Motion to Vacate Injunction") (ECF No. 357) as an issue of subject matter jurisdiction:

12  > [F]ederal courts are *not* authorized to defer to a state or territorial court's determination
13  > of local law before determining whether they have *jurisdiction* in the first place, when
    > the basis for the court's exercise of that jurisdiction in the form of a permanent
14  > injunction has since been overruled. *I Maga'håga*'s suggestion that this Court may
    > abstain from deciding whether continuing jurisdiction exists to support the permanent
15  > injunction is not only contrary to the Supreme Court's admonition that the 'profound
    > moral question' of abortion be returned 'to the people and their elected
16  > representatives,'… it is anathema to 'the duty of federal courts to assure themselves
    > that their jurisdiction is not being exceeded.'

17  Opposition (ECF No. 388) at 3-4 (citing *HayDay Farms, Inc. v. FeeDx Holdings, Inc.,* 55 F.4th 1232,

18  1238 (9th Cir. 2022)).

19  Defendant Moylan moved to vacate the permanent injunction in this matter pursuant to Rule

20  60(b)(5) of the Federal Rules of Civil Procedure. *See* Memorandum in Support of Defendant Attorney

21  General of Guam Douglas B. Moylan's Motion to Vacate Permanent Injunction Pursuant to

22  Fed.R.Civ.P. 60(b)(5) and to Dismiss this Case with Prejudice ("Moylan Mem. P. & A.") (ECF No.

23  358). Defendants Leon Guerrero and Lilian Posadas, Plaintiff, and Proposed Intervenors, have all

24  submitted oppositions to Defendant Moylan's Motion to Vacate Injunction based on FRCP 60(b)(5).

25  None of these parties have addressed the impact that *Dobbs* supposedly has on the court's subject

1  matter jurisdiction because Defendant Moylan did not move for relief from the judgment in this matter

2  based on lack of subject matter jurisdiction pursuant to FRCP 60(b)(4), which entails a different

3  analysis:

> An order is "void" for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. *See Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir.1999). Despite this seemingly broad statement, we narrowly construe the concept of a "void" order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants like Wendt will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow. *See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 n. 5 (8th Cir.1980) ("The concept of a void judgment is extremely limited. Professor Moore indicates the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction.") (citing 7 *Moore's Federal Practice* ¶ 60.25[2], at 305–06 (2d ed.1979)) (other citations omitted). In other words, "a lack of subject matter jurisdiction will not always render a final judgment 'void' [under Rule 60(b)(4) ]. Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." *United States v. Tittjung,* 235 F.3d 330, 335 (7th Cir.2000) (citation omitted).
>
> Thus, when deciding whether an order is "void" under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the "'rare instance of a clear usurpation of power.'" *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir.1998) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir.1972)); *see also Baumlin & Ernst, Ltd. v. Gemini, Ltd.,* 637 F.2d 238, 241–42 (4th Cir.1980) (citing *Lubben* and explaining that an "[e]rror ... does not make the judgment void" under Rule 60(b)(4)). A court plainly usurps jurisdiction "only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir.1986) (quoting *Lubben,* 453 F.2d at 649); *see also In re G.A.D., Inc.,* 340 F.3d 331, 336 (6th Cir.2003) ("Other circuits have determined ... that a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute a total want of jurisdiction, or no arguable basis for jurisdiction existed.")(citations and internal quotation marks omitted); *Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1346 (10th Cir.2000) ("There must be 'no arguable basis on which [the court] could have rested a finding that it had jurisdiction.' " (quoting *Nemaizer,* 793 F.2d at 65)). "[A]n 'error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction.'" *Gschwind,* 232 F.3d at 1346–47 (quoting *Kansas City Southern,* 624 F.2d at 825).

25  *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005).

1    Though Defendant Moylan cites authority for the well-worn proposition that lack of subject

2    matter jurisdiction can be asserted by any party at any time or raised by the court *sua sponte*,

3    Defendant Moylan has not advanced an argument demonstrating a nexus between *Dobbs* and the

4    subject matter jurisdiction of federal courts over challenges to state law on federal constitutional bases.

5    While Defendant Moylan presented a lengthy string cite of inapposite authority in his Memorandum

6    in Support of Motion to Vacate Injunction of jurisdictions applying *Dobbs* to the injunctions

7    previously entered against abortion care legislation, [Moylan Mem. P. & A. (ECF No. 358) at 7-8

8    n.4], none of the cases Defendant Moylan cited even *mention* jurisdiction, let alone void judgments

9    based on *lack* of jurisdiction. *Dobbs* itself does not indicate an impact on the jurisdiction of federal

10   courts over constitutional challenges to state laws regulating abortion.

11        Defendant Moylan's novel argument that *Dobbs* somehow undermines the court's jurisdiction

12   over this matter lacks sufficient basis or authority, and the court should deny his cursory request for a

13   "drive-by jurisdictional ruling." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 1242,

14   163 L. Ed. 2d 1097 (2006) ("Subject matter jurisdiction in federal-question cases is sometimes

15   erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal

16   law asserted as the predicate for relief—a merits-related determination.") (quoting 2 J. Moore et al.,

17   Moore's Federal Practice § 12.30[1], p. 12–36.1 (3d ed.2005)). The ultimate effect *Dobbs* may have

18   on the *merits* of Plaintiff's claims based on the Fourteenth Amendment does not extend to court's

19   jurisdiction over those claims. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939

20   (1946) ("Jurisdiction…is not defeated … by the possibility that the averments might fail to state a

21   cause of action on which petitioners could actually recover. For it is well settled that the failure to

22   state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of

23   jurisdiction."). Certainly, *Dobbs* has no impact whatsoever on the merits of or the court's jurisdiction

24   over remaining constitutional claims Plaintiffs advanced in their Second Amended Complaint

25

("SAC") (ECF No. 154), including the First Amendment claims that support the continued injunction against enforcement of P.L. 20-134.[1]

Defendant Moylan's Motion to Vacate Injunction pursuant to FRCP 60(b)(5) is based on the continued merits of the injunction in the advent of *Dobbs*, not the court's jurisdiction over the action. The court's decision of whether to abstain under *Pullman* should not be swayed by Defendant Moylan's fuzzy jurisdictional logic.

**II.      A Decision from the Supreme Court of Guam that P.L. 20-134 was Repealed by Subsequently Enacted Legislation Would Moot Defendant Moylan's Motion to Vacate Injunction and this Matter in its Entirety**

Defendant Moylan further argues in his Opposition that the court would still have to resolve his Motion to Vacate Injunction, regardless of the determination the Guam Supreme Court reaches regarding the questions pending before it:

> Because if the Guam Supreme Court opines that Public Law was not enacted in [violated] violation *(sic)* of the Organic Act, nor impliedly repealed but may be harmonized with subsequently enacted legislation, the plaintiffs here can still return to this Court to seek enforcement of its injunction. Therefore, regardless what the Guam Supreme Court decides on either or both questions presented by *I Maga'håga*, this Court must still decide whether its own permanent injunction must be vacated.

Opposition (ECF No. 388) at 8. Defendant Moylan is wrong.

A finding that P.L. 20-134 has been repealed or is otherwise invalid would moot Defendant Moylan's Motion to Vacate Injunction, and this action in its entirety. The SAC asserts claims that challenge the constitutionality of P.L. 20-134, which would be moot if the law were repealed or found to be invalid for other reasons. The court would not have to decide whether to vacate the injunction because there would be no law to enforce. Importantly, the court would not have to review the underlying constitutional questions it must resolve to reach an ultimate decision on Defendant Moylan's Motion to Vacate Injunction.

---

[1] As discussed, Defendant Moylan has not moved to vacate the injunction in this matter on FRCP 60(b)(4) grounds for lack of subject matter jurisdiction. To the extent the court expands its review of the injunction in this matter to include jurisdiction, Defendant Leon Guerrero requests a full opportunity to submit additional briefing on the issue.

1    This is a textbook case in which *Pullman* applies. *See  R.R. Comm'n of Tex. v. Pullman Co.*,

2    312 U.S. 496, 500, 61 S. Ct. 643, 645, 85 L. Ed. 971 (1941)(abstaining from further proceedings when

3    the existence of a federal constitutional issue depended on a railroad commission order that was

4    potentially invalid under state law); *Planned Parenthood of Greater Texas Surgical Health Servs. v.*

5    *City of Lubbock, Texas*, 542 F. Supp. 3d 465, 489 (N.D. Tex. 2021) (abstaining to allow state courts

6    to address whether city ordinance including private enforcement of abortion restrictions was valid

7    under state law). Though Defendant Moylan claims it would be an abuse of discussion for the court

8    to abstain in this matter pending resolution of the Supreme Court matter, the Ninth Circuit has held

9    that *failing* to abstain where a state law ruling may invalidate a regulation or ordinance and moot the

10   constitutional issue before the court would constitute an abuse of discretion. *See Cedar Shake &*

11   *Shingle Bureau v. City of Los Angeles*, 997 F.2d 620, 626 (9th Cir. 1993) (finding that district court

12   abused discretion in failing to abstain under *Pullman* where definitive state court ruling on whether

13   city ordinance was invalid would obviate the need for a constitutional ruling in federal court).

14       Further, as explained in *Planned Parenthood Arizona, Inc. v. Brnovich*, a court considering a

15   Rule 60(b)(5) motion should consider changes to *both* decisional law, including *Dobbs, and* statutory

16   law, including legislation passed after the law in question. 524 P.3d 262, 265 (Ariz. Ct. App. 2022).

17   Defendant Moylan argues in his Opposition that *Brnovich* does not support abstention. Opposition at

18   9-10. However, *Brnovich* does not *address* abstention – Defendant Leon Guerrero referenced

19   *Brnovich* as support for her argument that the change in decisional law represented by *Dobbs* does not

20   automatically result in *vacatur* of the injunction – the court should *also* consider whether later laws

21   impliedly repealed P.L. 20-134. Defendant Moylan did not oppose the argument that the court should

22   consider changes to both decisional and statutory law in its FRCP 60(b)(5) review, and should be

23   deemed to have conceded the argument. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,

24   238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("…[A]court may treat those arguments that the plaintiff

25   failed to address [in his opposition] as conceded."); *Bradford v. Los Angeles Cnty. Office of Educ.*,

CV 20-3691 PSG (ASX), 2020 WL 6154284, at *2 n.1 (C.D. Cal. Aug. 19, 2020) ("…Plaintiff has not opposed in substance any of the arguments made in the motions to dismiss, and arguments to which no response is supplied are deemed conceded.").

*Brnovich* supports abstention in this matter. The question of whether P.L. 20-134 has been repealed by subsequent legislation must be resolved to completely review changes to decisional and statutory law as required by FRCP 60(b)(5). The question is an issue of Guam law, and a matter of first impression before Guam courts. If this court addresses the issue in the first instance notwithstanding pendency of the same issue in the Supreme Court matter, the court is risking that its decision will be reduced to an advisory opinion. *Moore v. Sims*, 442 U.S. 415, 428, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("[T]he *Pullman* concern [is] that a federal court will be forced to interpret state law without the benefit of state-court consideration and ... render[ ] the federal-court decision advisory and the litigation underlying it meaningless."). In some cases, the risk of rendering an advisory opinion, independent of the other *Pullman* factors, is enough to merit abstention. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11, 107 S. Ct. 1519, 1526, 95 L. Ed. 2d 1 (1987)("…[I]n some cases, the probability that any federal adjudication would be effectively advisory is so great that this concern alone is sufficient to justify abstention, even if there are no pending state proceedings in which the question could be raised.").

The *Pullman* decision itself supports this position:

> …[N]o matter how seasoned the judgment of the district court may be, it cannot escape being a forecast rather than a determination. The last word on the meaning of Article 6445 of the Texas Civil Statutes, and therefore the last word on the statutory authority of the Railroad Commission in this case, belongs neither to us nor to the district court but to the supreme court of Texas. In this situation a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication. The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication.

*Pullman*, 312 U.S. at 499–500, 61 S. Ct. at 645 (cleaned up). Accordingly, this court should abstain from resolving the implied repeal issue pending before the Guam Supreme Court.

### III. The Supreme Court of Guam's Order Declining to Resolve "Question 1" Has No Bearing on Whether the Court Should Abstain Under *Pullman*

Defendant Moylan next argues that the Guam Supreme Court's decision not to consider one of the questions Defendant Leon Guerrero submitted for review in the Supreme Court Matter "forecloses" the court's abstention in this matter:

> In it's (*sic*) Order of 2/18/2023, the Guam Supreme Court held that the question of whether to dissolve the injunction was reserved to the District Court. This was because the Supreme Court declined to answer Question 1, and the answer to Question 1 was dispositive of whether the District Court continues to have jurisdiction to dissolve the injunction…Consequently, this court *cannot* abstain from decision of the question of whether the District Court continues to have jurisdiction to dissolve the injunction, in favor of the Guam Supreme Court deciding the question.

Opposition (ECF No. 388) at 8-9 (emphasis added). Defendant Moylan's implication that the Guam Supreme Court has authority to compel or restrict this court's actions is shockingly misguided, and his interpretation of the Guam Supreme Court's order strains reason.

In its February 18, 2023 Order in the Supreme Court matter, the court held that it had jurisdiction under 7 GCA § 4104 to consider two of the three questions Defendant Leon Guerrero submitted in her Request for Declaratory Judgment. *See* Supplemental Declaration of Counsel in Support of Motion for Abstention (ECF No. 376), Exhibit A, at 5-6 ("2/13/2023 Order"). In considering whether the questions submitted satisfied the jurisdictional requirements of § 4104, the Guam Supreme Court applied a three-part test: (1) the issue raised must be a matter of great public importance; (2) the issue must be such that its resolution through the normal process of law is inappropriate as it would cause undue delay; and (3) the subject matter of the inquiry is appropriate for section 4104 review. *Id.* at 2.

Question 1 sought declaratory judgment on whether P.L. 20-134 was void forever, such that it could not be revived following reversal of *Roe*. *Id.* at 2. Though the court found that Question 1

satisfied the first requirement of great public importance, the court found that Question 1 did not meet the second factor – "whether waiting for the normal process of law to play out would cause an undue delay." *Id.* at 3. Finding that this court's resolution of Defendant Moylan's Motion to Vacate Injunction would necessary entail resolution of Question 1, the court found that the requirement of undue delay to support the Guam Supreme Court's review under Section 4104 was not met. *Id.* at 4.

The Guam Supreme Court did not "reserve" a question for this court, or opine on whether Question 1 was "integral to the Question (*sic*) of whether the District Court continues to have jurisdiction to dissolve the injunction." Opposition at 8. The Guam Supreme Court made no pronouncements regarding this court's "jurisdiction" to dissolve the injunction, and indeed, the Guam Supreme Court's decision to consider Questions 2 and 3 does not hinge on whether this court has jurisdiction over these questions.

The Guam Supreme Court's decision not to consider Question 1 does not compel this court to forego an abstention under *Pullman*, to the extent the Guam Supreme Court has authority at all to compel this court to review an issue. The decision not to consider Question 1 does not in any way affect the *Pullman* factors—whether the issue touches on a sensitive area of social policy, whether adjudication of constitutional questions may be avoided by a ruling on state law issues, and whether the issue of state law is uncertain.

**IV.** **The *Pullman* Factors are Easily Met in this Case and the Court Should Abstain from Further Proceedings**

Defendant Moylan's engagement of the three *Pullman* factors is similarly lacking.

First, Defendant Moylan concedes that the issue of abortion is "unquestionably a sensitive issue of social policy upon which federal courts ought not to enter," but claims that it is the 1990 injunction itself that intrudes upon this sensitive issue of social policy, and that he is merely seeking to restore the *status quo ante*, to before *Roe* was decided. Opposition (ECF No. 388) at 10. As discussed above, the simplistic reversion to pre-*Roe* status Defendant Moylan requests would require

1  ignoring the laws that have been passed in Guam since P.L. 20-134, and allow the absurdity that a law

2  passed earlier in time may dominate over and repeal conflicting later-enacted laws. The 20th Guam

3  Legislature cannot preemptively overrule later legislatures, which have expressed their will that lawful

4  abortion services be made available in Guam where certain requirements have been met.

5      The question of whether subsequent legislation impliedly repealed P.L. 20-134 itself touches

6  on a sensitive issue of social policy and an important and unsettled question of Guam law, and the

7  court should not seek to adjudicate this issue when a reasonable alternative exists. Defendant Moylan

8  points out in his Opposition that "[t]he Guam Supreme Court will address…whether [P.L. 20-134]

9  was impliedly repealed by subsequent enactments, either way, and has made it clear that it will decide

10  these questions without regard to what this Court does." Opposition (ECF No. 388)  at 11. This

11  argument supports an abstention – the Guam Supreme Court is the ultimate arbiter of Guam law, and

12  should address this "sensitive issue of social policy" in the first instance.

13      Addressing the second *Pullman* factor – whether constitutional adjudication could be avoided

14  by a state ruling—Defendant Moylan argues:

15          …as the Guam Supreme Court observed at page (*sic*) of its Order, "those questions
            have not been explicitly raised by the [Attorney General's Motion to Vacate. This
16          Court is not being asked to adjudicate constitutional questions requiring an
            interpretation of Guam law; it is being asked to vacate an injunction it has already
17          issued, that *as a matter of federal law*, is no longer an authorized exercise of federal
            jurisdiction."
18

19  Opposition (ECF No. 388) at 11 (emphasis in original).

20      Defendant Moylan's argument that he has not himself framed the issues before the court as

21  requiring constitutional adjudication has the unique quality of being both wrong and inapposite. The

22  requested *vacatur* of the permanent injunction *does* require the court to adjudicate constitutional

23  issues, notably including the continued viability of the court's separate finding that Sections 4 and 5

24  of P.L. 20-134 were unconstitutional violations of the First Amendment protection of free speech. *See*

25  *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 776 F. Supp. 1422, 1428 n.9 (D. Guam 1990).

1  Defendant Moylan has argued in footnote 4 of his Opposition that he has addressed the court's First

2  Amendment analysis, as though his pronouncements on the issue obviate the need for any further

3  review. Opposition (ECF No. 388) at 10 n.4 (citing Moylan Mem. P. & A. (ECF No. 358) at 10-13).

4      The First Amendment issue cannot be disposed of so summarily. Defendant Leon Guerrero,

5  Defendant Lillian Perez-Posadas, Plaintiff, and Proposed Intervenors have all substantively opposed

6  Defendant Moylan's cursory treatment of the issue. *See* [Defendant Leon Guerrero's] Opposition to

7  Defendant Attorney General of Guam Douglas B. Moylan's Motion to Vacate Permanent Injunction

8  Pursuant to Fed.R.Civ.P. 60(B)(5) and to Dismiss this Case with Prejudice (ECF No. 382) at 21-25;

9  Plaintiff and Proposed Intervenors' Opposition to Defendant Attorney General Douglas B. Moylan's

10  Rule 60(B)(5) Motion (ECF No. 391) at 16-30; Defendant Lillian Perez-Posadas's Opposition to

11  Defendant Attorney General of Guam's Motion to Vacate Permanent Injunction and to Dismiss with

12  Prejudice (ECF No. 392) at 7-11. The second *Pullman* criteria is likewise met because, as discussed,

13  resolution of this and other constitutional questions pending before the court in its consideration of

14  Defendant Moylan's Motion to Vacate Injunction would be unnecessary if the law is found to have

15  been repealed.

16      Finally, the third factor of *Pullman* is whether "resolution of the state law issue is uncertain."

17  *See TakeCare Ins. Co., Inc. v. Birn*, 1:19-CV-00126, 2021 WL 2327051, at *9 (D. Guam Feb. 17,

18  2021). Defendant Moylan has not opposed Defendant Leon Guerrero's argument that the issue of

19  whether P.L. 20-134 has been repealed by subsequent legislation is an issue of first impression in

20  Guam. *See* (Corrected) Memorandum of Points and Authorities in Support of Motion for Abstention

21  (ECF No. 372) at 12-13. Accordingly, this argument should be deemed conceded. *See Hopkins*, 238

22  F. Supp. at 178.

23      //

24      //

25      //

### III.  CONCLUSION

Analysis of the *Pullman* factors supports the court's abstention of the court from further proceedings in this matter, including Defendant Moylan's Motion to Vacate Injunction, pending resolution of *In Re: Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Validity and Enforceability of Public Law No. 20-134*, Guam Supreme Court Case No. CRQ23-001. On this basis, Defendant Leon Guerrero respectfully requests that the court grant her motion for abstention.

Respectfully submitted this 20th day of March, 2023.

**OFFICE OF THE GOVERNOR OF GUAM**

By: /s/ *Leslie A. Travis*

**LESLIE A. TRAVIS**
*Attorney for Defendant*
*Lourdes A. Leon Guerrero*
*Governor of Guam*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I, Leslie A. Travis, declare under penalty of perjury that on March 20, 2023, I caused the foregoing document to be electronically filed with the Clerk of Court for the United States District Court of Guam, and to be served upon registered parties, using the CM/ECF system.

As certified on February 5, 2023, Defendant Arthur U. San Agustin has authorized me to accept service in this matter on his behalf.

Executed this 20th day of March, 2023.

**OFFICE OF THE GOVERNOR OF GUAM**

By: /s/ *Leslie A. Travis*

**LESLIE A. TRAVIS**
*Attorney for Defendant*
*Lourdes A. Leon Guerrero*
*Governor of Guam*