

Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
Civil Division
590 S. Marine Corps. Drive
ITC Bldg., Ste. 802
Tamuning, Guam 96913 · USA
671-475-2709/10 · 671-477-2493 (fax)
**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **GUAM SOCIETY OF OBSTETRICIANS and GYNECOLOGISTS**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **LOURDES A. LEON GUERRERO**, in her official capacity as *I Maga'hågan Guåhan* [Governor of Guam]; et al. <br><br> Defendants. | CIVIL CASE NO. 90-00013 |

**DEFENDANT ATTORNEY GENERAL OF GUAM DOUGLAS B. MOYLAN'S REPLY TO 1) BRIEF FILED BY DEFENDANT LILLIAN PEREZ-POSADAS IN HER CAPACITY AS ADMINISTRATOR OF GUAM MEMORIAL HOSPITAL AUTHORITY IN OPPOSITION TO MOTION TO VACATE PERMANENT INJUNCTION AND TO DISMISS WITH PREJUDICE; AND 2) BRIEF FILED BY DEFENDANT LOURDES A. LEON GUERRERO IN HER OFFICIAL CAPACITY AS I MAGA'HAGAN GUAHAN IN OPPOSITION TO MOTION TO VACATE PERMANENT INJUNCTION PURSUANT TO FED. R. CIV. P. 60(B)(5) AND TO DISMISS THIS CASE WITH PREJUDICE**

Defendant Attorney General of Guam Douglas B. Moylan submits this reply to the briefs of Lillian Posadas as Administrator of Guam Memorial Hospital Authority ("Posadas") and defendant Lourdes A. Leon Guerrero in her official capacity as *I Maga'hågan Guåhan* (collectively, "Opponents") submitted in opposition to the Attorney General's motion to vacate this Court's permanent injunction. None of the arguments advanced by Opponents defeats the legal basis for vacating the injunction. Accordingly, the motion should be granted and the injunction should be lifted.

## I. Posadas is not entitled to the relief she seeks because she relies on *Roe v. Wade* which is no longer good law.

Posadas' assertion that *Dobbs* does not provide a valid basis to vacate the injunction misapprehends the law altogether. In *Dobbs*, the United States Supreme Court made clear that *Roe* is no longer good law. While the state of the law in this regard is undisputed, Posadas advances arguments that only would be colorable were *Roe* still good law. Indeed, the basis for the Court's injunction depends on the validity of *Roe.* Posadas asserts that the First Amendment protects the exchange of "expert medical advice" between a woman and her physician considering terminating her pregnancy for any reason other than to protect her health, and therefore the injunction must stand. This is legally incorrect.

The First Amendment does not protect plans to commit a crime. *U.S. v. Williams*, 55 U.S. 285, 297 (2008). Whereas previously there was a protected right to abortion under *Roe*, now there is not. Moreover, the Guam Legislature criminalized abortions generally in Public Law 20-134. Therefore, except in narrow situations, soliciting

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to**
**Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**
2

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 2 of 12

abortions is illegal under Public Law 20-134. The First Amendment does not protect planning abortions where such abortions are illegal under the statute. As previously noted, where the underlying act being solicited is *not* constitutionally protected but is in fact illegal, the First Amendment provides no sanctuary. *Williams,* 553 U.S. at 298-99 (cleaned up). In 1990 the Guam Legislature unanimously enacted Public Law 20-134, which criminalizes performing, obtaining, and soliciting abortions. §§ 3-5. The law has an exception for a pregnancy that creates a substantial risk of endangering the mother's life, or gravely impairing her health. § 2. The injunction granted by this Court as to P.L. 20-134 relied on *Roe,* finding *Roe* was the law of the land and a woman's right to an abortion was protected by the U.S. Constitution. On June 24, 2022, however, the U.S. Supreme overturned *Roe* and its progeny in *Dobbs v. Jackson Women's Health Org.*, holding there is no cognizable right to an abortion under federal law. 142 S. Ct. 2228, 2284 (2022). Post *Dobbs,* the Guam Legislature now determines whether abortion is legal. There no longer is a constitutional right to an abortion.

Posadas' citation to *Texas v. Johnson,* is unavailing. That case addressed whether a state could criminalize flag burning based on a theory that potentially the act would upset people and lead to the crime of disturbance of the peace. *Texas v. Johnson,* 491 U.S. 397, 407-09 (1989). The tenuous link between the act constituting speech and the crime in *Johnson* is not present here because the act of soliciting an illegal abortion itself would be the crime.

Similarly unhelpful to her arguments is Posadas' recitation of *Massachusetts v. Secretary of Health & Human Services,* 899 F.2d 53 (1st Cir. 1990). That case found

Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to**
**Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**
3

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 3 of 12

*Roe* was violated where the government enacted regulations that did not allow funding for abortion or education. Posadas fails to advise the court that the judgment in that case was vacated in *Sullivan v. Massachusetts,* 500 U.S. 949 (1991). Indeed, the issue was resolved in in 1991 by the U.S. Supreme Court when it found the Secretary had the authority to prohibit health care facilities accepting federal funds from offering counseling and referral services related to abortion because the abortion services did not fit within the scope of the federal project that the federal government funded. *Rust v. Sullivan*, 500 U.S. 173, 193-94 (1991). In any event, *Sullivan* would not be considered good law in light of *Dobbs* anyway*.*

       Contrary to Posadas' arguments, and as noted in the Attorney General's opening brief, the Legislature already has criminalized different solicitation crimes such as murder for hire; these activities are not protected by the First Amendment.

       Posadas argues the Attorney General waived free speech arguments by failing to address the Court's *dicta* on the issue contained in a footnote. As with Posadas' other arguments, this is legally incorrect. Waiver on appeal requires "a clear, affirmative statement" demonstrating an intent to waive an argument. *U.S. v. Campbell*, 26 F.4th 860, 874 (11th Cir. 2022). There is no indication the Attorney General intended to waive any argument. But regardless, Posadas cannot manufacture constitutional protection where none exists. Moreover, even assuming *arguendo* the issue were somehow forfeited, this Court nonetheless has the ability to consider it where; (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to**
**Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

4

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 4 of 12

interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. *Id.* at 873. Here, all of the foregoing factors are satisfied.

## II. Defendant Attorney General of Guam Douglas B. Moylan's Reply to Plaintiff's Opposition to Defendant's Motion to Vacate Permanent Injunction Pursuant to Fed. R. Civ. P. 60(B)(5) and to Dismiss this Case with Prejudice

The Governor extends her arguments against vacating the injunction beyond the scope of the question presented. There is also no authority to support a co-defendant's opposition to the Attorney General's motion when the co-defendant was not the party initially seeking relief.

On October 16, 1990, the District Court issued its Amended Judgment, ordering in relevant part that "[S]ections two through five of Public Law 20-134 are hereby declared *unconstitutional and void* under the U.S. Constitution, the Organic Act, and 42 U.S.C. § 1983." *See* Amended Judgment (ECF No. 249) at 2 (emphasis added).

The Governor claims that subsequent legislation regulating abortion in Guam impliedly repealed P.L. 20-134 and, consequently, Defendant Moylan's motion for 60(b)(5) relief is moot. This subsequent legislation is comprised of the Reporting Law, P.L. 22-130; Partial Birth Abortion Ban Act of 2008, P.L. 29-115; Parental Consent for Abortion Act, P.L. 31-55; and the Woman's Reproductive Health Information Act of 2012.

Whether an unconstitutional statute is repealed by implication when it is repugnant to a later enacted, conflicting statute depends on the effect of the unconstitutionality of the former statute. "It is a well-settled rule that later statutes repeal by implication earlier

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to
Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

5

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 5 of 12

irreconcilable statutes." *People of Territory of Guam v. Quinata*, 1982 WL 30546, at *2 (D. Guam App. Div. 1982), *aff'd*, 704 F.2d 1085 (9th Cir. 1983); *see also Sumitomo Const., Co., Ltd. v. Gov't of Guam*, 2001 Guam 23 ¶ 16.

"Implied repeals can be found in two instances: (1) where provisions in the two acts are in irreconcilable conflict, or (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute." (cleaned up); 1A Sutherland Statutory Construction § 23:9 (7th ed.) ("[W]hen two statutes are repugnant in any of their provisions, the later act, even without a specific repealing clause, operates to the extent of the repugnancy to repeal the first.").

Whether P.L. 20-134 cannot be harmonized with subsequent laws the Guam Legislature passed that regulated abortion care in Guam depends on the *effect of the unconstitutionality of* P.L. 20-134.

The Governor claims that, "[w]hile these [subsequently enacted] statutes collectively irreconcilably conflict with P.L. 20-134, together with the 1978 law, they form a comprehensive statutory scheme that covers the subject of abortion on Guam." *Opposition to Defendant Attorney General of Guam Douglas B. Moylan's Motion to Vacate Permanent Injunction Pursuant to Fed. R. Civ. P. 60(B)(5) and to Dismiss this Case with Prejudice (*hereinafter "Opposition")*, at 21.

The Governor overlooks the fact that, during the period that the aforementioned subsequently enacted statutes were enacted, i.e., between October 16, 1990, when the District Court issued its Amended Judgment, and June 24, 2022, when the United States

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to
Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

6

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 6 of 12

Supreme Court issued its Opinion in *Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 228 (2022), P.L. 20-134 had been held **_unconstitutional_** by this court.

So the question now before us is:

> When an unconstitutional statute is repugnant to later enacted, conflicting statutes, is the unconstitutional statute, as a consequence, repealed by implication?

First, P.L. 20-134 did indeed conflict with the subsequently enacted legislation.

At pages 21-25 of their Opposition, the Governor holds forth at length on the putative conflict between P.L. 20-134 and the subsequently enacted laws, and conclude with:

> The subsequent laws were enacted when *Roe* was still in effect, and were intended to work as a *Roe*-compliant scheme. *See People of Guam v. Quinata*, 704 F.2d 1085, 1088 (9th Cir. 1983) (finding implied repeal to Guam statute where "it is apparent that the Guam legislature must have taken the [case interpreting the prior law] at face value and sought to overcome it by enacting § 7.10." These statutes do not contain provisions triggering their repeal in the event *Roe* was overturned, and are fully in effect post-*Dobbs*.

However, nowhere does the Governor mention the fact that, from between October 16, 1990, when the District Court issued its Amended Judgment, and June 24, 2022, when the United States Supreme Court issued its Opinion in *Dobbs*, P.L. 20-134 had been rendered *unconstitutional* by the District Court. This raises the next question:

Can an unconstitutional statute be repealed by implication?

The Governor contends that the subject unconstitutional statute is *void,* under multiple theories.

First, on October 16, 1990, this Court issued its Amended Judgement, ordering in relevant part that "[S]ections two through five of Public Law 20-134 are hereby declared

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to
Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

7

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 7 of 12

unconstitutional and *void* under under the U.S. Constitution, the Organic Act, and 42 U.S.C. 1983".

Second, in their Request for Declaratory Judgement, at pages 25-26, the Governor allowed that P.L. 20-134 could be found void depending on the Supreme Court's ruling on two -questions:

(1) Is P.L. 20-134 void forever, such that it cannot be revived following the reversal of *Roe v. Wade?*

(2) Whether the Organic Act of Guam, as it existed in 1990, authorized the Guam Legislature to pass an unconstitutional law, or the Guam Legislature acted *ultra vires* in passing P.L. 20-134.

If P.L. 20-134 is void, it stands to reason that it would not be repealed by subsequently enacted legislation, as there is *no conflict* between statutes. If P.L. 20-134 is not void, subsequently enacted legislation would repeal, by implication, P.L. 20-134. The upshot: the determination of whether P.L. 20-134 was repealed, by implication, by subsequently enacted legislation must await determination of whether P.L. 20-134 is void.

## CONCLUSION

This Court should grant the motion to vacate the injunction after determining the issues the Supreme Court of Guam has indicated are properly before it.

Dated: March 22, 2023    **OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General


 /s/ JOSEPH A. GUTHRIE
**JOSEPH A. GUTHRIE**
Chief Deputy Attorney General

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to
Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

8

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 8 of 12

# CERTIFICATE OF SERVICE

I declare under penalty of perjury under the laws of Guam that I electronically filed and served the foregoing document on all parties by filing it with the Clerk of Court for the United States District Court of Guam using the CM/ECF system.

Executed at Tamuning, Guam, on March 22, 2023.

      /s/ JOSEPH A. GUTHRIE
**JOSEPH A. GUTHRIE**
Chief Deputy Attorney General

*Guam Society of Obstetricians and Gynecologists, et al. v. Lourdes A. Leon Guerrero, et al.*
No. CV 90-00013
**Attorney General of Guam Douglas B. Moylan's's Reply to Oppositions to**
**Motion to Vacate Injunction and Dismiss With Prejudice Filed by Defendant Lilian Posadas and Plaintiff**

9

Case 1:90-cv-00013   Document 409   Filed 03/22/23   Page 9 of 12

# EXHIBIT 1




March 13, 2023

**Jeremiah Luther, Esq.**
**Guam Memorial Hospital Authority**
**850 Governor Carlos G. Camacho Road**
**Tamuning, Guam 96913**

**Subject: Notice of Violation of 10 G.C.A. § 80114(a); Request to Withdraw Legal Brief**

*Hafa Adai* Mr. Luther:

On February 10, 2023 I revoked your designation as a Special Assistant Attorney General. Please find a copy of that letter attached.

On March 8, 2023 you filed a brief in U.S. District Court of Guam Civil Case 90-00013, entitled *Guam Society of Obstetricians and Gynecologists, et al. v. Governor of Guam, et al.*, purporting to represent the Guam Memorial Hospital Authority (GMHA). Under Guam law, including 10 G.C.A. § 80114(a) *not only* did you <u>lack</u> authority to file that legal brief in litigation on behalf of GMHA, but you also appear to have violated your ethical duty by attempting to represent a client that this AG represents as required by the Guam Legislature. *Id.*

I am thus requesting that you please confirm that you will be *immediately* withdrawing that legal brief on behalf of GMHA no later than Thursday, close of business, with a copy of your notice of withdrawal to be received by this Office.

Also, today the Chief Deputy sent to you a letter indicating a purported conflict in *Richardson v. GMHA*, CV1180-14. As the new AG, I have asked my team to re-look at the conflict to confirm whether one actually exists. I also understand that Judge Barcinas may be reviewing if a conflict also exists. To that extent, please disregard the Chief Deputy's letter as we review the possible conflict more carefully, and possibly await Judge Barcinas' decision.

Finally, in light of the requirements under 10 G.C.A. § 80114(a), please send to me a writing of litigation cases that you request we undertake on behalf of GMHA. Thank you.

Sincerely,

Douglas B. Moylan
Attorney General of Guam

Attachment

**Office of the Attorney General**
Douglas B. Moylan · Attorney General of Guam

590 S. Marine Corps. Drive · ITC Bldg., Ste. 901 · Tamuning, Guam 96913 · USA
671-475-3324 · 671-475-4703 (fax) · dbmoylan@oagguam.org · www.oagguam.org
"Guam's Toughest Law Enforcers"



February 10, 2023

**Ms. Lillian Perez Posadas**
Administrator
Guam Memorial Hospital Authority
850 Governor Carlos G. Camacho Road
Tamuning, Guam 96913

Subject: **Termination of Jeremiah Luther as "Special Assistant Attorney General"**

*Hafa Adai* Madam Administrator.

Please be informed that I am hereby terminating the designation of any attorney outside the direct employ of this AG's Office, including "Special Assistant Attorney General" Jeremiah Luther, to act on behalf of this Attorney General or my elected office.

I have just been made aware of a July 29, 2022 letter by the former Attorney General, Leevin Camacho, to the Hospital Administrator, Ms. Lillian Posadas. I am hereby terminating Attorney Jeremiah Luther's appointment and designation as this Office's representative in any capacity whatsoever.

Thank you for your attention to this matter.

Sincerely,

*Douglas B. Moyl*

**Douglas B. Moylan**
Attorney General of Guam

GMH Administration Office
FEB 10 23
Received by: CMV@
CLARIJANE VENTURA

For Administrator
Legal Counsel

**Office of the Attorney General**
Douglas B. Moylan · Attorney General of Guam

590 S. Marine Corps. Drive · ITC Bldg., Ste. 901 · Tamuning, Guam 96913 · USA
671-475-3324 · 671-475-4703 (fax) · dbmoylan@oagguam.org · www.oagguam.org
*"Guam's Toughest Law Enforcers"*