**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| GUAM SOCIETY OF OBSTETRICIANS AND GYNECOLOGISTS; GUAM NURSES ASSOCIATION; THE REVEREND MILTON H. COLE, JR.; LAURIE KONWITH; EDMUND A. GRILEY, M.D.; WILLIAM S. FREEMAN, M.D.; JOHN DUNLOP, M.D.; on behalf of themselves and all others similarly situated, and all their women patients,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LOURDES A. LEON GUERRERO, in her official capacity as the Governor of Guam; ARTHUR U. SAN AGUSTIN, in his official capacity as the Director of the Department of Public Health and Social Services; LILLIAN PEREZ-POSADAS, M.N., R.N., in her official capacity as the Administrator of the Guam Memorial Hospital Authority; DOUGLAS B. MOYLAN, in his official capacity as the Attorney General of Guam; ALICE M. TAIJERON, GERARD "JERRY" C. CRISOSTOMO, JOSEPH P. MAFNAS, ANTONIA "TONI" R. GUMATAOTAO, BENNY A. PINAULA, G. PATRICK CIVILLE, and CARISSA E. PANGELINAN, in their official capacities as the Board of Directors of the Guam Election Commission, together with all others similarly situated,<br><br>                    Defendants. | CIVIL CASE NO. 90-00013<br><br>**ORDER DENYING DEFENDANT ATTORNEY GENERAL OF GUAM'S MOTION TO VACATE PERMANENT INJUNCTION** |

Before the court is Defendant Attorney General of Guam Douglas B. Moylan's Motion to Vacate Permanent Injunction Pursuant to Fed. R. Civ. P. 60(b)(5) and to Dismiss the Case with Prejudice (hereinafter "Motion"). *See* ECF No. 357. For the reasons stated herein, the Motion is hereby **DENIED**.[1]

Defendant Attorney General of Guam ("Defendant AG") moves the court for an order vacating the permanent injunction issued on August 23, 1990, in the above-captioned matter. *See* Mot., ECF No. 357. The basis for the Motion is that "[t]he doctrinal underpinnings of the permanent injunction in this case were predicated on the Supreme Court's decision in *Roe v. Wade* . . . . But *Roe* and its progeny are no longer the law." Mem. Supp. at 2-3,[2] ECF No. 358.

Plaintiffs, Defendant Governor of Guam ("Defendant Governor"), and Defendant Guam Memorial Hospital Administrator ("Defendant GMH Administrator") filed oppositions to the Motion. *See* Opp'ns, ECF Nos. 382, 391, and 392. Defendants Governor and GMH Administrator both argue that Sections 4 and 5 of Guam Public Law 20-134 violate the First Amendment's freedom of speech clause. *See* Def. Governor's Opp'n at 28-32, ECF No. 382; Def. GMH Adm'r's Opp'n at 11-15, ECF No. 392. They argue that the United States Supreme Court's opinion in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022),[3] neither impacted nor affected the unconstitutionality of these sections. *Id.* Defendant Governor also argues that Guam Public Law 20-134 was impliedly repealed by subsequent measures passed by the Guam Legislature and therefore, the Motion is moot. *See* Def. Governor's Opp'n at 18-27, ECF No. 382. Defendant GMH Administrator separately argues that the Government of Guam did not appeal the District Court of Guam's decision on Sections 4 and 5 of Guam Public Law 20-134, and therefore, any challenges to said sections are foreclosed. Def. GMH Adm'r's

---

[1] The court finds oral argument to be unnecessary.
[2] The page numbering throughout this order is based on the CM/ECF page numbering system.
[3] In a nutshell, *Dobbs* reversed *Roe v. Wade.*

Opp'n at 13-14, ECF No. 392.

Plaintiffs, on the other hand, argue, *inter alia*, that Defendant AG has not met his burden for obtaining relief under FED. R. CIV. P. 60(b)(5). Pls.' Opp'n., ECF No. 391. Defendant AG "does not (and cannot) dispute that both the ban on pre-viability abortion and solicitation of abortion violated the laws of the United States applicable to Guam, when [Guam Public Law 20-134] was passed." *Id.* at 18. Because the abortion ban violated the laws of the United States applicable to Guam, the Guam Legislature lacked the authority to enact such a ban.[4] *Id.* at 19. Plaintiffs contend that because the Guam Legislature lacked the authority, Guam Public Law 20-134 was void *ab initio*. *Id.* at 16-20.

While Defendant AG filed a response to the oppositions filed by Defendants Governor and GMH Administrator (*see* Reply, ECF No. 409), Defendant AG's Reply did not respond to the issues raised in the Plaintiffs' Opposition.[5] Based on Defendant AG's lack of response to Plaintiffs' arguments, especially those that did not overlap with the arguments raised by Defendants Governor and GMH Administrator, it is reasonable to presume that Defendant AG takes no position on their arguments or is not contesting them. *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) (holding a party forfeited an argument raised in the opponent's answering brief by failing to address it in reply brief); *Sabra v. Maricopa Cty. Cmty. Coll. Dist.*, 44 F.4th 867, 881-882 (9th Cir. 2022) (same).

Rule 60(b)(5) permits a party to obtain relief from a judgment or order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" FED. R. CIV. P. 60(b)(5). In reviewing a Rule 60(b)(5) motion, the Supreme Court requires that there must be "a

---

[4] "The legislative power of Guam shall extend to all rightful subjects of legislation not inconsistent with the provisions of [the Organic Act] and the laws of the United States applicable to Guam." 48 U.S.C. § 1423a.
[5] A reply to all oppositions was due March 22, 2023. *See* Order at 2, ECF No. 393; CVLR 7(f).

significant change in facts or law [that] warrants revision of the decree," and "the proposed modification [must be] suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 393 (1992). The party seeking relief bears the burden of establishing that changed circumstances warrant relief. *Id.* In this case, the burden falls on Defendant AG.

While Defendant AG argues that the legal basis for the permanent injunction no longer exists, Defendant AG failed to address whether the change in law in *Dobbs* warrants vacatur of the permanent injunction in its entirety. As Plaintiffs have argued, "irrespective of *Dobbs* or any other Supreme Court decision concerning abortion issued after [Guam Public Law 20-134] was enacted, the [public law] was a legal nullity the moment it was passed and can have no force or effect today." Pls.' Opp'n at 20, ECF No. 391. Defendant AG has not refuted this argument, and after having reviewed the relevant statutes and the legal authority provided by Plaintiffs in their opposition, to which Defendant AG did not respond, the court finds that Defendant AG has not met his burden under Rule 60(b)(5).

Based on the foregoing, the court hereby **DENIES** Defendant AG's Motion. Any other pending motions[6] in this case are hereby **MOOT**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
**Dated: Mar 24, 2023**

---

[6] Motion to Intervene, ECF No. 389; and Motion for Abstention, ECF No. 368.